{¶ 1} Appellant Gregory Gresham appeals the trial court's denial of his motion for a new trial. He assigns the following errors for our review:
 "I. Defendant was denied due process of law when the court, without the original judge, overruled defendant's motion for a new trial."
 "II. Defendant was denied due process of law when his motion for leave to file a motion for a new trial was denied where he presented evidence of actual innocence."
 "III. Defendant was denied due process of law where evidence of actual innocence was presented which would entitle defendant to a new trial."
 {¶ 2} Having reviewed the record and applicable law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} On August 16, 2001, the Cuyahoga County Grand Jury charged Gresham and three co-defendants in a nine count indictment. The indictment specifically charged Gresham with one count of aggravated murder, three counts of attempted murder, and one count of having a weapon while under disability. Three firearms specifications were attached to each of the aggravated murder and attempted murder charges, with mandatory terms of imprisonment of one year, three years and five years, respectively.
 {¶ 4} Gresham pled not guilty at his arraignment and subsequently motioned the court for a trial separate from his co-defendants. The trial court granted the motion and on March 28, 2002, a jury trial commenced.
 {¶ 5} The evidence adduced at the trial indicated that at approximately midnight on July 24, 2001, victims Artis Mattison, April Terrell and Dawn Wilford were sitting on the steps of an apartment building on East 117th street in Cleveland, Ohio. Victim Angeline Driffin was walking on the opposite side of the street. Gresham and six other men drove by in a car and fired shots at both sides of the street. Mattison, Terrell and Wilford were wounded as a result of the barrage of bullets. One of the bullets severed an artery in Driffin's buttocks, resulting in her death.
 {¶ 6} The evidence also indicated that several of the men who were riding in the car confirmed that Gresham was with them, riding in the trunk with the lid ajar. They also confirmed that Gresham fired a .38 or .32 caliber revolver that night. The assailants, all residents of East 108th Street, were acting in retaliation for two recent altercations they had with another group of men from East 117th Street.
 {¶ 7} At the conclusion of the trial, the jury found Gresham guilty of involuntary manslaughter and three counts of felonious assault, lesser included offenses of the aggravated murder and attempted murder charges. The jury also found that the criteria for all three firearms specifications were met as to each of these charges. Finally, the jury found Gresham guilty of having a weapon while under disability.
 {¶ 8} On April 11, 2002, the trial court sentenced Gresham to a prison term of eight years for involuntary manslaughter, plus three and five year terms on the firearms specifications; these sentences were to run consecutively, and prior to the eighth year prison term. The court also sentenced Gresham to two years imprisonment on each of the felonious assault charges, to run consecutive to count one, and two years imprisonment on each of the remaining charges, to run concurrent with all counts. This resulted in a total term of imprisonment of eighteen years.
 {¶ 9} Gresham appealed to this court, and on February 20, 2003, we affirmed his conviction in State v. Gresham.[1] On March 23, 2005, Gresham filed a motion for leave rquesting a new trial and alleged newly discovered evidence. On March 13, 2006, the trial court denied Gresham's motion for a new trial. It is from this decision that Gresham now appeals.
 Motion for New Trial {¶ 10} We will address Gresham's three assigned errors together, because the central theme is that the trial court erred in denying his motion for a new trial. Gresham contends that newly discovered evidence, specifically, the affidavits of Larry Johnson and LeJon Fair, recanting their trial testimony, undermines the State's case and entitles him to a new trial. We disagree.
 {¶ 11} The decision to grant or deny a motion for a new trial is within the sound discretion of the trial court and, absent an abuse of discretion, that decision will not be disturbed.[2] The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.[3] Further, the discretionary decision to grant a new trial is an extraordinary measure which should be used only when the evidence presented weighs heavily in favor of the moving party.[4]
 {¶ 12} Crim.R. 33(A)states in pertinent part as follows:
 "(A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 "* * *
 "(6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. * * *"
 {¶ 13} As a general rule, a motion for a new trial is granted where the defendant shows that he was unavoidably prevented from discovering the evidence which is the basis of the motion during the course of trial.[5] The evidence must have been the type that would have produced a different result at trial.[6] Furthermore, the
Ohio Supreme Court has held:
 "To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong possibility that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence."[7]
 {¶ 14} In the instant case, Gresham presented his newly discovered evidence in the form of affidavits of two witnesses who testified at trial. Both witnesses recanted their trial testimony. On the issue of whether recanted testimony warrants a new trial, it has been held:
 "Where a new trial is sought upon the ground that a witness subsequently stated that he gave perjured testimony, the question is, when did the witness tell the truth? Recantation by an important witness of his or her testimony at the trial does not necessarily, or as a matter of law, entitle the defendant to a new trial."[8]
 {¶ 15} Newly discovered evidence which purportedly recants testimony given at trial is "looked upon with the utmost suspicion."[9] Thus, a motion for a new trial should only be granted when the court is reasonably well satisfied that the trial testimony given by a material witness was false.[10]
 {¶ 16} Here, Gresham's first affiant, co-defendant LeJon Fair, averred that he had committed perjury at Gresham's trial and contended that Gresham was not present at the scene of the crime. Likewise, co-defendant Larry Johnson indicated that he had perjured himself and also averred that Gresham was not present at the scene of the crime.
 {¶ 17} However, the averments of Fair and Johnson not only conflicts with their sworn trial testimony, it conflicts with the eyewitness testimony of several trial witnesses, including the testimony of one of the victims. In Gresham's direct appeal, we specifically noted the following:
 "Gresham's three accomplices each placed him in the car with a gun at the time of the shooting and at least one other witness other than the accomplices also placed him in the car."[11]
 {¶ 18} Thus, despite the post trial averments of Fair and Johnson, the testimony of eyewitnesses who were not accomplices squarely placed Gresham at the scene of the crime. Consequently, Gresham's conviction did not hinge on the testimony of Fair and Johnson.
 {¶ 19} Based on the independent eyewitness' testimony, which placed Gresham at the scene of the crime, we conclude that the trial court did not abuse its discretion in denying Gresham's motion for leave of court to file a delayed motion for new trial based on newly discovered evidence. Accordingly, we overrule Gresham's three assigned errors.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and KENNETH A. ROCCO J., CONCUR.
[1] Cuyahoga App. No. 81250, 2003-Ohio-744.
[2] State v. Hawkins (1993), 66 Ohio St.3d 339, 350.
[3] State v. Adams (1980), 62 Ohio St.2d 151, 157.
[4] State v. Otten (1986), 33 Ohio App.3d 339, 340.
[5] State v. Pinkerman (1993), 88 Ohio App.3d 158; State v. Gray
(April 13, 1995), Cuyahoga App. No. 67574.
[6] Id.
[7] State v. Petro (1947), 148 Ohio St. 505, syllabus.
[8] State v. Pirman (1994), 94 Ohio App.3d 203, citing State v.Curnutt (1948), 84 Ohio App. 101; Gray, supra; and State v. Walker
(1995), 101 Ohio App.3d 433, 435.
[9] State v. Germany (Sept. 30, 1993), Cuyahoga App. No. 63568, citingUnited States v. Lewis (C.A.6, 1964), 338 F.2d 137, 139, quotingUnited States v. Trouche (C.A.2, 1954), 213 F.2d 401, 403.
[10] Id.
[11] Gresham, supra, Cuyahoga App. No. 81250, 2003-Ohio-744.