JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Gregory Gresham ("Gresham"), appeals the trial court's dismissal of his petition for postconviction relief. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2001, Gresham was charged with one count of aggravated murder, three counts of attempted murder, and one count of having a weapon while under disability. The aggravated murder and attempted murder charges carried firearm specifications. The matter proceeded to a jury trial, at which he was found guilty of involuntary manslaughter and three counts of felonious assault, the lesser included offenses of the aggravated murder and attempted murder charges.[1] The jury also found him guilty of having a weapon while under disability. Gresham was sentenced to a total of 18 years in prison.
 {¶ 3} Gresham appealed to this court in 2002, and we affirmed his conviction in State v. Gresham, Cuyahoga App. No. 81250, 2003-Ohio-744 ("Gresham I "). In 2005, Gresham filed a motion for a new trial, which the trial court denied. We affirmed the trial court's decision inState v. Gresham, Cuyahoga App. No. 88013, 2007-Ohio-636 ("GreshamII ")[2]
 {¶ 4} Then in 2007, Gresham moved to vacate his conviction and sentence for felonious assault pursuant to R.C. 2953.21. The State responded by filing a motion for summary judgment. The trial court granted the State's motion for summary judgment and *Page 4 
denied Gresham's motion to vacate his conviction and sentence.
 {¶ 5} Gresham appeals again, raising one assignment of error, in which he argues that he was denied due process when the court did not vacate his felonious assault conviction and sentence. He argues that his conviction was a nullity because felonious assault is not a lesser included offense of attempted murder.
 {¶ 6} We note that Gresham captioned his motion under review as a motion to vacate conviction and sentence for felonious assault. He brought the motion pursuant to R.C. 2953.21. "[A] vaguely titled motion to correct or vacate a sentence may be construed as a petition for post-conviction relief where the motion was filed subsequent to a direct appeal, claimed a denial of constitutional rights, sought to render the judgment void, and asked for a vacation of the judgment and sentence."State v. Caldwell, Paulding App. No. 11-05-07, 2005-Ohio-5375, citingState v. Reynolds, 79 Ohio St.3d 158, 160-161, 1997-Ohio-304,679 N.E.2d 1131. Accordingly, we shall construe Gresham's motion as a petition for postconviction relief. See, also, State v. Mayes, Cuyahoga App. No. 88426, 2007-Ohio-2374.
 {¶ 7} R.C. 2953.21 imposes certain time requirements for filing a petition for postconviction relief. R.C. 2953.21(A)(2) provides that:
 "A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 8} In the instant case, Gresham was convicted in April 2002. Gresham did not *Page 5 
filed his petition until May 2007, which is several years beyond the statutory time limit. Thus, his petition is untimely.
 {¶ 9} The trial court may entertain untimely petitions for postconviction relief if certain exceptions apply. See R.C. 2953.23(A). The only exceptions arguably relevant to the matter before us allow a trial court to entertain an untimely petition if: (1) the petitioner was unavoidably prevented from discovering the facts on which the petition is predicated, or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner and the petition asserts a claim based on that new right. R.C. 2953.23(A)(1)(a).
 {¶ 10} The trial court has no jurisdiction to consider an untimely petition for postconviction relief unless one of the above exception applies. State v. Schultz, Cuyahoga App. No. 85430, 2005-Ohio-6627.
 {¶ 11} Gresham has failed to demonstrate an exception entitling him to relief. Therefore, the trial court lacked jurisdiction to consider his petition for postconviction relief.
 {¶ 12} Furthermore, Gresham argues that at the time of his trial, he was entitled to the application of law as set forth in State v.Barnes, 94 Ohio St.3d 21, 2002-Ohio-68, 759 N.E.2d 1240. He contends that Barnes should be retroactively applied to him, otherwise he would be denied due process. In Barnes, the Ohio Supreme Court held that felonious assault with a deadly weapon was not a lesser included offense of attempted murder.
 {¶ 13} We note that Barnes was decided in January 2002 and Gresham's trial began in March 2002. Thus, Gresham had the opportunity to raiseBarnes to the trial court at that *Page 6 
time. However, he failed to raise this issue to the trial court and he failed to raise it in his first appeal in 2002 in Gresham I. It is well established that any claim for postconviction relief that was or could have been raised on direct appeal is barred from consideration by the doctrine of res judicata. State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104. Because his claim was not raised at the earliest possible opportunity, it is barred by res judicata.
 {¶ 14} Therefore, we find Gresham's petition for postconviction relief was properly dismissed because his petition was untimely and no exception under R.C. 2953.23(A) applies. Moreover, his claim is also barred by res judicata.
 {¶ 15} Accordingly, the sole assignment of error is overruled.
 {¶ 16} Judgment is affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J., and MELODY J. STEWART, J., CONCUR
[1] The jury also found that the criteria for all the firearms specifications were met.
[2] Further facts of the underlying case are adequately set forth inGresham I and Gresham II. Accordingly, we will not recite them herein, except to note that four victims were shot in the underlying incident. *Page 1