[Cite as *State v. Gresham*, 2011-Ohio-2519.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 95240

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GREGORY GRESHAM

DEFENDANT-APPELLANT

JUDGMENT:
AFFIRMED IN PART, REVERSED
IN PART AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-411525

**BEFORE:**   Stewart, P.J., S. Gallagher, J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   May 26, 2011

**ATTORNEY FOR APPELLANT**

Edward M. Graham
Edward M. Graham Co., L.P.A.
13363 Madison Avenue
Lakewood, OH   44107


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Kristen L. Sobieski
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH   44113


MELODY J. STEWART, P.J.:

**{¶ 1}** Defendant-appellant, Gregory Gresham, appeals from a resentencing ordered as a result of the court's failure to advise him of postrelease control during his original sentencing. His sole complaint on appeal is that the court erred by imposing sentence for a five-year gun specification on a charge of involuntary manslaughter, a lesser included offense of the original charge of aggravated murder. He argues that a five-year gun specification could only be imposed for a felony that includes, as an essential element, purposely or knowingly causing or attempting to cause the death of or physical harm to another. The state concedes this argument, as well as pointing out an error not raised by Gresham — that the court improperly sentenced Gresham on a weapons disability count.

I

**{¶ 2}** In 2002, a jury found Gresham guilty of involuntary manslaughter (a lesser included offense of the original charge of aggravated murder), three counts of felonious assault (lesser included offenses of the original charges of attempted murder), and one count of having a weapon under disability. The counts stemmed from a drive-by shooting in which Gresham fired a gun from the trunk of a car at people on both sides of the street, killing one and injuring three others. The manslaughter count contained one, three, and five-year firearm specifications; the felonious assault counts contained three and five-year firearm specifications. The

court imposed an eight-year sentence on the involuntary manslaughter count and imposed three and five-year terms on the firearm specifications for that count, to run consecutive to one another and prior and consecutive to the base sentence. The court imposed a two-year sentence on one of the felonious assault charges, to run consecutive to count one. It imposed a two-year sentence on each of the remaining counts, to run concurrent with all counts. All told, the court imposed a total sentence of 18 years.

{¶ 3} Gresham appealed from his conviction, claiming, among other things, that the court erred by failing to merge the three and five-year firearm specifications. We rejected this contention, finding that the five-year firearm specification arose under R.C. 2941.146, and was therefore imposed "as an additional prison term" as required by R.C. 2929.14(D)(1)(c) and thus had to be served consecutive to the three-year firearm specification. See *State v. Gresham*, 8th Dist. No. 81250, 2003-Ohio-744, ¶14.

{¶ 4} In 2007, Gresham petitioned the court to "vacate" his sentence, arguing that felonious assault is not a lesser included offense of murder under *State v. Barnes*, 94 Ohio St.3d 21, 2002-Ohio-68, 759 N.E.2d 1240. The court denied the petition. We affirmed, construing Gresham's motion to "vacate" as a petition for postconviction relief and finding that his failure to file it timely deprived the court of jurisdiction to consider it. See *State v. Gresham*, 8th Dist. No. 90433, 2008-Ohio-4248, ¶9-11. We also rejected

Gresham's argument grounded on the *Barnes* decision, noting that *Barnes* had been decided prior to Gresham's trial in March 2002, yet he failed to raise the issue at the time of trial or on direct appeal, so it was barred by res judicata. Id. at ¶13.

{¶ 5} In 2009, Gresham filed a motion for resentencing, claiming that the court improperly imposed postrelease control at the time of sentencing. The court granted the motion and resentenced Gresham. It imposed the same eight-year sentence for involuntary manslaughter, with the three and five-year firearm specifications to be served consecutive to each other and the eight-year base sentence. It "set aside" the sentences for felonious assault on authority of *Barnes*, and "corrected" the sentence for having a weapon under disability to 18 months, to be served consecutively to the involuntary manslaughter count. In total, the court ordered Gresham to serve 17 years and six months in prison.

II

{¶ 6} We first address the state's argument that the court erred by "setting aside" the felonious assault convictions on grounds that they were barred by the Ohio Supreme Court's decision in *Barne*s.

{¶ 7} The state did not file a cross-appeal, so it cannot raise claims of substantive errors that occurred during resentencing as a means of changing

the court's judgment. See App.R. 3(C)(1). Nevertheless, we can recognize the existence of plain error, and do so on this record.

{¶ 8} The court purported to set aside the felonious assault convictions under authority of *Barnes*, which held that felonious assault is not a lesser included offense of attempted murder. *Barnes*, 94 Ohio St.3d at 26. The court had no discretion to do so because we rejected the same argument in Gresham's appeal from the denial of postconviction relief:

{¶ 9} "We note that *Barnes* was decided in January 2002 and Gresham's trial began in March 2002. Thus, Gresham had the opportunity to raise *Barnes* to the trial court at that time. However, he failed to raise this issue to the trial court and he failed to raise it in his first appeal in 2002 in *Gresham I*. It is well established that any claim for postconviction relief that was or could have been raised on direct appeal is barred from consideration by the doctrine of res judicata. *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. Because his claim was not raised at the earliest possible opportunity, it is barred by res judicata." *Barnes*, 2008-Ohio-4248, at ¶13.

{¶ 10} Our opinion thus set forth the law of the case and the court had no discretion to deviate from that law, particularly since our opinion made it clear that *Barnes* was not an "intervening" decision. See *Nolan v. Nolan* (1983), 11 Ohio St.3d 1, 462 N.E.2d 410, syllabus ("Absent extraordinary

circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case."). In any event, it is plain that vacation of the felonious assault counts on substantive legal grounds exceeded the scope of the resentencing as defined by *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. We therefore recognize the court's action as plain error and order that it reinstate Gresham's convictions on the felonious assault counts.

## III

{¶ 11} Gresham argues, and the state agrees, that the court improperly imposed a five-year firearm specification under R.C. 2929.14(D)(1)(c) because that specification is only available to a felony "that includes, as an essential element, purposely or knowingly causing or attempting to cause the death of or physical harm to another[.]" He maintains that involuntary manslaughter contains no element requiring the offender to "purposely or knowingly" cause the death of another, so the specification cannot apply.

## A

{¶ 12} Before considering the substantive issue on appeal, we must decide whether the issue is properly before us. Principles of res judicata apply to bar in "any proceeding except an appeal from that judgment" an argument that "was raised or could have been raised by the defendant at the

trial, which resulted in that judgment of conviction, or on an appeal from that judgment." See *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. In his direct appeal, Gresham raised the issue of whether the three and five-year firearm specifications should have merged. He did not, but could have raised on direct appeal, the issue relating to the lack of evidence on the culpable mental state for the offense of involuntary manslaughter as a predicate for the five-year firearm specification under both R.C. 2929.14(D)(1)(c) and 2941.146(A).

{¶ 13} On its face, Gresham's argument might appear to raise a "sentencing" issue, but in reality, he is raising an evidentiary issue. Although not "offenses," see *State v. Ford*, 128 Ohio St.3d 398, 2011-Ohio-765, 945 N.E.2d 498, syllabus, sentence enhancements like firearm specifications must be proven by evidence beyond a reasonable doubt. *State v. Gaines*, 46 Ohio St.3d 65, 545 N.E.2d 68, syllabus (because the R.C. 2929.71(A) sentence enhancement for using a firearm in the commission of an offense increases the punishment beyond the maximum set by the legislature, it must be proven beyond a reasonable doubt). Gresham is doing nothing more than arguing that there was insufficient evidence to prove the mental element of the R.C. 2929.14(D)(1)(c) and 2941.146(A) enhancements. This argument could have been raised on direct appeal, so it is barred by res judicata. Moreover, this case being an appeal from a resentencing for the

sole purpose of imposing postrelease control, a direct appeal from the resentencing is "limited to issues arising at the resentencing hearing." *Fischer*, at paragraph four of the syllabus. Again, evidentiary issues from the trial are not properly before us in this appeal. We therefore find Gresham's claim barred.

B

{¶ 14} Even had the claim not been barred by res judicata or otherwise have been beyond the scope of an appeal from a resentencing ordered for the sole purpose of imposing postrelease control, we would find no merit to Gresham's argument in light of our discussion in section II of this opinion.

{¶ 15} The five-year firearm specification contained in the original charge was premised on R.C. 2941.146(A), which is imposed "for committing a felony that includes, as an essential element, purposely or knowingly causing or attempting to cause the death of or physical harm to another and that was committed by discharging a firearm from a motor vehicle[.]" R.C. 2929.14(D)(1)(c) states that if an offender is found guilty of a felony "that includes, as an essential element, purposely or knowingly causing or attempting to cause the death of or physical harm to another" and is also convicted of "a specification of the type described in section 2941.146 of the Revised Code," the court, after imposing a prison term on the offender for the

felony "shall impose an additional prison term of five years upon the offender that shall not be reduced * * *."

{¶ 16} The original count of aggravated murder as charged under R.C. 2903.01(A) charged that Gresham "purposely" caused the death of another. The culpable mental state for involuntary manslaughter, as defined by R.C. 2903.04, is supplied by the predicate offense — as charged here, felonious assault. See *State v. Wilson*, 182 Ohio App.3d 171, 2009-Ohio-1681, 912 N.E.2d 133, at ¶36, citing *State v. Campbell* (1991), 74 Ohio App.3d 352, 358-359, 598 N.E.2d 1244. The mental state for felonious assault, as defined in R.C. 2903.11, is "knowingly." So the jury could only find Gresham guilty of involuntary manslaughter if he caused the death of another as a proximate result of committing a felonious assault; that is, while knowingly causing physical harm to another.

{¶ 17} We therefore find for purposes of R.C. 2941.146(A) and R.C. 2929.14(D)(1)(c) that Gresham was found guilty of a felony (involuntary manslaughter) that included as an essential element that he knowingly caused physical harm to another (felonious assault) and that he committed these acts by discharging a firearm from a motor vehicle. It follows that the court did not err by imposing the five-year sentence enhancement. See *State v. Beauford*, 10th Dist. No. 01AP-1166, 2002-Ohio-2016. We therefore reject the state's concession on this issue.

## IV

{¶ 18} Finally, the state offers another concession — that the sentence for the weapons under disability count exceeded the applicable maximum sentence available at the time that Gresham committed the offense. If this is so, the sentence would be an illegal sentence and thus void, taking it within the ambit of plain error.

{¶ 19} The statute that applies to a criminal offender is the one in effect at the time of the commission of the offense. *State v. Williams*, 103 Ohio St.3d 112, 2004-Ohio-818, 814 N.E.2d 818, syllabus. Gresham committed the weapons disability offense in July 2001, and the version of R.C. 2923.13(C) in effect at that time made the offense a felony of the fifth degree (the statute was amended in 2004 to make a violation of R.C. 2923.13 a third degree felony). Fifth degree felonies were, and still are, punishable by prison terms not to exceed 12 months. See R.C. 2929.14(A)(5).

{¶ 20} The court sentenced Gresham to 18 months in prison on the weapons under disability count. This sentence thus exceeded the applicable statutory maximum and was illegal, rendering it void. *Fischer*, 128 Ohio St.3d at ¶8; *State v. Beasley* (1984), 14 Ohio St.3d 74, 75, 471 N.E.2d 774. We therefore remand to the court for resentencing on the having weapons under disability count.

**{¶ 21}** This cause is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.

It is ordered that the parties bear their own costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KENNETH A. ROCCO, J., CONCUR