[Cite as *State v. Goodman*, 2018-Ohio-3015.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

TRUMBULL COUNTY, OHIO


STATE OF OHIO,                                          :        **O P I N I O N**

           Plaintiff-Appellee,                    :
                                                                        **CASE NO.  2017-T-0068**
     - vs -                                             :

MICHAEL H. GOODMAN,                         :

           Defendant-Appellant.                  :


Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 04 CR 804.

Judgment: Affirmed.


*Dennis Watkins*, Trumbull County Prosecutor; *Christopher D. Becker* and *Ashleigh Musick*, Assistant Prosecutors, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH  44481 (For Plaintiff-Appellee).

*Michael H. Goodman,* pro se, PID: A520-070, Trumbull Correctional Institution, 5701 Burnett Road, Leavittsburg, OH  44430 (Defendant-Appellant).


CYNTHIA WESTCOTT RICE, J.

{¶1}     Appellant, Michael H. Goodman, appeals the judgment of the Trumbull County Court of Common Pleas, denying his motion to waive or defer court costs. Because appellant's argument is barred by res judicata and, in any event, the court's judgment was not an abuse of discretion, we affirm.

{¶2}     In August 2009, a jury convicted appellant of multiple counts of aggravated robbery and related felonies that he committed in November 2004. The trial court

sentenced him to 34 and one-half years of imprisonment. On appeal, this court affirmed his conviction in *State v. Goodman*, 11th Dist. Trumbull No. 2006-T-0130, 2007-Ohio-6252, ¶71 ("*Goodman I*"). The Supreme Court of Ohio declined to accept jurisdiction at 117 Ohio St.3d 1477, 2008-Ohio-1841.

{¶3} In 2009, appellant filed a petition for postconviction relief in the trial court, alleging defects in his indictment. The trial court denied the petition. On appeal, this court affirmed in *State v. Goodman*, 11th Dist. Trumbull No. 2009-T-0068, 2010-Ohio-407, ¶29 ("*Goodman II*").

{¶4} In April 2014, appellant filed a motion, asking the trial court to establish a payment plan for his court costs. The trial court denied the motion and appellant did not appeal. One month later, in May 2014, appellant sent a letter to the trial court, again requesting a payment plan. The trial court construed this request as a second motion for a payment plan; filed it with the clerk; and denied it. Appellant appealed, and we dismissed the appeal in *State v. Goodman*, 11th Dist. Trumbull No. 2014-T-0047, 2014-Ohio-4884, ¶19 ("*Goodman III*"). In relevant part, this court held that, despite the recent amendment of R.C. 2947.23, giving trial courts continuing jurisdiction to waive or modify court costs, a judgment denying a postconviction motion to modify (such as by instituting a payment plan for costs) was not a final appealable order. *Goodman III* at ¶13-17. Alternatively, this court held the appeal was barred by res judicata since appellant had not appealed from the denial of his first motion to establish a payment plan. *Id.* at ¶18.

{¶5} On or about March 13, 2017, appellant moved the trial court to waive or defer his court costs. The state opposed the motion. By a judgment entered on June 21,

2017, the trial court denied appellant's motion. He now appeals this judgment, asserting the following as his sole assignment of error:

{¶6} "The trial court erred and abused its discretion by denying appellant's motion to waive or defer court costs, in violation of his protection against cruel and unusual punishment and right to due process, as provided under the Eighth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution."

{¶7} Appellant essentially argues that the clerk of court's monthly deduction from his inmate account to be applied toward his court costs prevents him from purchasing various items he believes are necessary to maintain a decent life in prison. Initially, we note this court in *Goodman III* erred in holding that an order denying modification of court costs in a criminal case is not a final order. *Id.* at ¶15. This court in *Goodman III* held that the denial of a postconviction motion to impose a payment plan for costs does not affect a substantial right and thus is not a final order. *Id.*

{¶8} However, R.C. 2947.23(C), effective March 22, 2013, provides: "The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter." Since R.C. 2947.23(C) authorizes the waiver or modification of costs at the time of sentencing or at any time thereafter, the denial of same after judgment is a final order. *See State v. Chase*, 2d Dist. Montgomery No. 26238, 2015-Ohio-545, ¶9-10 (R.C. 2947.23(C) gives trial courts jurisdiction to consider waiving court costs even after sentencing; thus, regardless of when court costs were imposed, the defendant may ask the trial court to waive costs.). *Accord State v. Campbell*, 4th Dist. Adams No. 16CA1029, 2017-Ohio-4252, ¶11; *State v. Sizemore*, 5th

3

Dist. Richland No. 15CA18, 2016-Ohio-1529, ¶3; *State v. Price,* 8th Dist. Cuyahoga No. 102987, 2015-Ohio-4592, ¶2, 4. We find the reasoning of these courts to be persuasive and hold the trial court's judgment denying appellant's motion to waive or defer court costs is a final order.

{¶9} However, while the denial of appellant's motion to waive costs is a final order, this appeal is barred by res judicata. In the context of criminal cases, a convicted defendant is precluded under the doctrine of res judicata "from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or *could have been raised* by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." (Emphasis added.) *State v. Szefcyk*, 77 Ohio St.3d 93, 96 (1996). Further, in order for a claim to avoid the bar of res judicata, it must be raised at the earliest possible opportunity. *State v. Gresham*, 8th Dist. Cuyahoga No. 90433, 2008-Ohio-4248, ¶13.

{¶10} As noted above, in April 2014, appellant filed a motion for an order to establish a payment plan for the payment of costs. That motion was filed after R.C. 2947.23(C) became effective. While *appellant acknowledged in that motion that R.C. 2947.23(C) authorized him to file a motion to waive costs*, he failed to do so. The trial court denied his motion for a payment plan and appellant did not appeal that ruling. Thereafter, in May 2014, appellant sent a letter to the court, again requesting a payment plan, but, again, not asking for a waiver of costs. The trial court construed this second request for a payment plan as a motion, filed it, and denied it as being barred by res judicata. Since appellant could have asked the trial court to waive court costs in his April 2014 motion for a payment plan, but failed to do so, his present motion to waive costs is

4

barred by res judicata.

{¶11} In any event, even if the instant motion was not barred by res judicata, the trial court did not abuse its discretion in denying appellant's motion to waive/delay costs.

{¶12} A trial court's denial of a criminal defendant's motion to waive court costs is reviewed under an abuse-of-discretion standard. *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, ¶23.

{¶13} The Second District, in *State v. Hawley*, 2d Dist. Montgomery No. 25897, 2014-Ohio-731, applied R.C. 2947.23(C) to facts similar to those before us. In *Hawley*, the appellate court found no abuse of discretion where the trial court refused to grant a waiver of court costs for a prisoner serving a 22-year sentence who had costs collected from his meager prisoner account, leaving him with $10/month for inmate expenditures. *Id.* at ¶13.

{¶14} Appellant argued in his present motion that he is entitled to a waiver or delay in paying costs because this sanction hinders his ability to buy things he needs from the commissary. However, he admitted that, in addition to medical care and other items provided to him by the state, he receives a monthly stipend, which, he admits, is sufficient to buy the materials he needs to prepare his legal filings and other commissary items he needs. Appellant does not demonstrate that his inability to buy every item (or any particular item) he would like amounts to a constitutional violation. Nor does he reference the record to show he is unable to pay the amount deducted by the clerk to be applied to his court costs.

{¶15} The trial court stated in its entry that it considered appellant's motion to waive/defer costs and the attached exhibits. Those documents showed that appellant is

able to pay costs (via the clerk's monthly deduction) because he still has funds for inmate expenditures after the clerk makes this deduction. As a result, the court's judgment denying appellant's motion to waive/defer costs was reasonable and thus not an abuse of discretion.

{¶16} For the reasons stated in this opinion, the assignment of error lacks merit and is overruled. It is the order and judgment of this court that the judgment of the Trumbull County Court of Common Pleas is affirmed.

DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.

COLLEEN MARY O'TOOLE, J., dissents.

––––––––––––––––––––––––

DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.

{¶17} I concur in the decision to affirm the trial court's judgment, as this matter is barred by res judicata. I write separately, however, to emphasize the independent ground upon which res judicata applies.

{¶18} In the present matter, Goodman was initially found guilty of his offenses in 2006. His convictions were affirmed by this court in 2007. The issue of waiver or modification of court costs was not raised before the trial court at the sentencing hearing or in a motion after the entry of his sentence was issued, nor was it raised in his direct appeal. *See State v. Goodman*, 11th Dist. Trumbull No. 2006-T-0130, 2007-Ohio-6252.

{¶19} While it is accurate that R.C. 2947.23(C) has been amended to allow the trial court to retain jurisdiction to waive, suspend, or modify payment of court costs after

6

sentencing, this provision was not in effect at the time Goodman was sentenced, as it became effective on March 22, 2013. Several courts have held that this provision does not apply retroactively and thus, the failure to raise the issue of waiver or modification of costs at the time of sentencing, if it occurred prior to March 22, 2013, renders the issue barred by the doctrine of res judicata. *State v. Braden*, 10th Dist. Franklin No. 17AP-48, 2017-Ohio-7903, ¶ 8 ("The judgment of [the appellant's] conviction and sentence, including the imposition of costs, became final in 2003 when the Supreme Court of Ohio affirmed his conviction, long before the effective date of the current version of R.C. 2947.23(C). Thus, res judicata bars [the appellant's] argument regarding the imposition of costs."); *State v. Sanders*, 4th Dist. Pickaway No. 16CA25, 2017-Ohio-8088, ¶ 13 ("current R.C. 2947.23(C) is inapplicable to appellant's case because the provision appellant seeks to avail himself of was not in effect until long after the trial court imposed sentence and costs" and since "the claims regarding costs could have been raised in his direct appeal in 1996, they cannot be raised now").

{¶20} Goodman should have raised the issue of the waiver of costs at the time of sentencing in 2006 but failed to do so, both at the trial court level and on his direct appeal. The fact that the pertinent statute now allows a court to retain jurisdiction is of no import. This statute was not in effect until several years after the sentence and costs were imposed. Thus, Goodman is barred from raising this claim by his actions, or lack thereof, in 2006.

{¶21} I disagree with the proposition that Goodman "could have asked the trial court to waive court costs in his April 2014 motion," *supra* at ¶ 10, since he instead should

7

have raised it in 2006.  It is thus unnecessary to determine whether his motion for a waiver of costs was barred by his 2014 filing requesting a payment plan.

{¶22}  Since this matter is barred by res judicata due to Goodman's failure to raise this issue in 2006, I concur in judgment only.