[Cite as *State v. Kovach*, 2024-Ohio-1531.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

STACEY KOVACH,

        Defendant-Appellant.

**CASE NO. 2024-G-0017**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2018 C 000136

---

**M E M O R A N D U M**
**O P I N I O N**

Decided: April 22, 2024
Judgment: Appeal dismissed

---

*James R. Flaiz*, Geauga County Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Stacey Kovach*, pro se, 1829 East 55th Street, Cleveland, OH 44103 (Defendant-Appellant).


JOHN J. EKLUND, J.

{¶1} On March 12, 2024, Appellant, Stacey Kovach, filed her notice of appeal with this court. She appeals the trial court's February 13, 2024 judgment denying her motion for reconsideration of her motion to waive court costs. On March 14, 2024, Appellee, the State of Ohio, moved to dismiss the appeal. Appellant did not file a brief in opposition to the motion. For the following reasons, the State's motion to dismiss is granted.

{¶2} The State has offered two arguments in support of its motion to dismiss. First, the State asserts a judgment entry denying a defendant's motion to waive court costs is not a final appealable order. We disagree. This court has held that a trial court's denying a motion to waive court costs is a final appealable order. *State v. Goodman*, 11th Dist. Trumbull No. 2017-T-0068, 2018-Ohio-3015, ¶ 7; *see also State v. Braden*, 2019-Ohio-4204, 158 Ohio St. 3d 462, 145 N.E.3d 235 (remanding the case to the court of appeals to consider, on the merits, whether the trial court erred in denying the appellant's motion to waive court costs).

{¶3} The State next argues that dismissal is appropriate because Appellant did not timely file her notice of appeal. We agree.

{¶4} App.R. 4(A)(1) provides: "* * * [A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

{¶5} Appellant filed her notice of appeal thirty days after the trial court denied her motion for reconsideration. However, it is well established that a trial court cannot reconsider a valid final judgment in a criminal case. *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 599, 589 N.E.2d 1324 (1992), citing *Brook Park v. Necak*, 30 Ohio App.3d 118, 120, 506 N.E.2d 936 (8th Dist.1986). "A motion for reconsideration of a final judgment in the trial court is a nullity." *State v. Cozzone*, 2018-Ohio-2249, 114 N.E.3d 601, ¶ 34 (11th Dist.) citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379, 423 N.E.2d 1105 (1981). "A purported judgment ruling on a motion for reconsideration is likewise a nullity." *Id.* The trial court therefore did not have authority to rule on the motion for reconsideration and that judgment is considered void.

2

Case No. 2024-G-0017

**{¶6}** Appellant should have directly appealed the trial court's judgment denying her motion to waive court costs. That judgment was filed on January 10, 2024. This appeal is rendered untimely because she filed her notice of appeal on March 12, 2024, more than thirty days after the trial court's January 10, 2024 judgment.

**{¶7}** The State's motion to dismiss is granted. This appeal is hereby dismissed. All pending motions are overruled as moot.

EUGENE A. LUCCI, P.J.,

MATT LYNCH, J.,

concur.