[Cite as *State v. Reed*, 2025-Ohio-1501.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
### TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2024-T-0079** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| CYLER J. REED, | |
| Defendant-Appellee, | Trial Court No. 2021 CR 01012 |
| (C.L., | |
| Appellant). | |

## OPINION AND JUDGMENT ENTRY

Decided: April 28, 2025
Judgment: Reversed and remanded

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders* and *Charles L. Morrow,* Assistant Prosecutors, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Charles A.J. Strader*, Attorney Charles Strader, LLC, 175 Franklin Street, S.E., Warren, OH 44481 (For Defendant-Appellee).

*Odalys A. Fajardo* and *Latina Bailey*, Ohio Crime Victim Justice Center, P.O. Box 369, Powell, OH 43065 (For Appellant).

ROBERT J. PATTON, P.J.

{¶1} Victim-appellant, C.L., appeals the decision of the Trumbull County Court of Common Pleas, granting early termination of community control to defendant-appellee, Cyler Jacob Reed ("Reed"). For the following reasons, we reverse and remand.

{¶2} This appeal was brought by the victim in this case, C.L., The case arises from events that occurred on June 15, 2021, when Reed arrived at the home of C.L. Reed

was dressed in clothing described as law enforcement or military style, with a five-point star deputy style badge. C.L. saw Reed looking around his property and believed he was a sheriff's deputy. C.L. called out to Reed, who did not respond. C.L. told Reed to come to the front door, but instead, Reed kicked in the back door and entered the home. Reed began searching each of the rooms of the home while carrying a taser. C.L. told Reed to leave, and Reed told him that he was there to arrest C.L.'s son on a warrant for failure to appear on a misdemeanor charge of Driving Under Suspension out of Newton Falls Municipal Court. C.L. explained that his son did not live at the residence and called 911. C.L. told Reed to leave, and Reed told him that he had a warrant and because his residence was the address given to the bonding company he could enter at any time with or without a warrant. Reed left the home when he learned that the police were on the way.

{¶3} On July 7, 2022, Reed pleaded guilty to an amended indictment charging him with: Criminal Damaging, a misdemeanor of the second degree, in violation of R.C. 2909.06(A)(1)&(B); Menacing, a misdemeanor of the fourth degree, in violation of R.C. 2903.22(A)&(B); and Trespass in a Habitation When a Person is Present or Likely to be Present, a felony of the fourth degree, in violation of R.C. 2911.12(B)&(E). On August 9, 2022, a sentencing hearing was held. Reed was sentenced to 90 days in jail on the Criminal Damaging count, and 30 days on the Menacing count, suspended, to write a letter of apology to the victim, to pay $3,700 in restitution to the victim, and to five years on community control. A sentencing entry memorializing the trial court's decision was filed on August 22, 2022.

{¶4} After successfully completing two years of community control, payment of fees and restitution, a hearing was held on September 5, 2024, on a motion to terminate

community control early. C.L. was present at the hearing. The trial court heard from Probation Officer Miles, counsel for Reed, and the State. The probation officer voiced his approval of early termination to the trial court. Defense counsel addressed the trial court regarding the completion of Reed's community control requirements. The State then informed the trial court that the victim, C.L. was present, and stated "I did have the opportunity to discuss this issue with [C.L.]. He's pointed out that the defendant has only done two of his five years of community control and, to put it simply, he's offended that the defendant would even request to have his probation terminated. As such, he has requested that the state oppose." Transcript of Hearing on Motion to Terminate Probation Early, Dkt. 36, p. 3. The trial court responded, "Probation is terminated. Have a good day." *Id.* At that point the hearing concluded.

{¶5}    After the hearing on September 5, 2024, C.L. filed a hand written "Motion for New Hearing on Early Termination of Probation" with the trial court, requesting a new hearing after he was denied the opportunity to address the court. On September 6, 2024, a journal entry was filed memorializing the September 5, 2024 trial court decision. On September 12, 2024, a judgment entry was filed on C.L.'s September 5, 2024 motion for a new hearing. The judgment entry notes that the trial court was not aware that C.L. wished to speak during the hearing and "in order to afford [C.L.] the opportunity to be heard, this matter shall be scheduled for an additional hearing during which [C.L.] will be granted up to five minutes to address the Court on the issue. The Court's September 6, 2024 Judgment Entry remains in effect at this time." Judgment Entry on Reed's Motion for New Hearing, Dkt. 33, p. 2. A hearing was set for September 25, 2024, to which C.L. did not appear.

Case No. 2024-T-0079

**{¶6}** C.L. now appeals the trial court's decision to grant early termination of Reed's community control, contending that under Marsy's Law, the trial court was required to allow C.L. to voice his opposition orally before the court rendered its decision.

### Assignment of Error

**{¶7}** C.L. asserts one assignment of error on appeal:

**{¶8}** "The trial court erred when the court terminated Defendant-Appellee [sic] Cyler Reed's community control without giving Victim-Appellant C.L. the opportunity to be heard at the termination hearing, violating Victim-Appellant C.L.'s constitutional rights pursuant to Ohio Const., art. I, § 10a(A)(1), and (3) and statutory rights under R.C. 2930.09(E) (T.d. 32, p. 1)."

**{¶9}** Appellate courts review the trial court's decision to terminate community control under an abuse of discretion standard. *State v. Ryan*, 2021-Ohio-4059, ¶ 24 (11th Dist.), quoting *State v. Bika*, 2019-Ohio-3841, ¶ 28 (11th Dist.). *See also State v. Malfregeot*, 2024-Ohio-257, ¶ 6 (8th Dist.). Ohio Courts have held that there is no distinction between an early termination hearing and a violation hearing as it relates to the opportunity to be heard. *State v. Kusinko*, 2023-Ohio-4545, ¶ 7 (8th Dist.), citing *State v. Weeks*, 2021-Ohio-3735, ¶ 19 (8th Dist.).

**{¶10}** Victims of crime have been granted certain rights under Article I, Section 10a of the Ohio Constitution, also known as Marsy's Law. "R.C. Chapter 2930 was enacted in accordance with Marsy's Law." *Malfregeot* at ¶ 9. R.C. 2930.09(E) requires that:

> The victim and victim's representative, if applicable, have the right to be present and be heard orally, in writing, or both at any probation or community control revocation disposition proceeding or any proceeding in which the court is requested

Case No. 2024-T-0079

to terminate the probation or community control of a person who is convicted of committing a criminal offense or delinquent act against the victim.

R.C. 2930.09(E).

{¶11} Additionally, R.C. 2930.09(A)(1) in relevant part states:

The victim, victim's representative, and victim's attorney, if applicable, have the right to be heard by the court at any proceeding in which any right of the victim is implicated. If present, the victim, victim's representative, and victim's attorney, if applicable, have the right to be heard orally, in writing, or both.

R.C. 2930.09(A)(1).

{¶12} Under Marsy's Law, a victim has standing to challenge a final order on sentencing through direct appeal. R.C. 2930.19(A)(1) & (A)(2)(b)(iii).

{¶13} Here, the victim, C.L., was present in the courtroom at the hearing on Reed's motion for early termination of community control. C.L. expressed to the State that he wished to assert his right to be heard orally at the hearing. C.L.'s Motion for New Hearing on Early Termination of Community Control, Dkt. 31, p.1. While the State communicated the position of C.L. to the trial court, a plain reading of the statute obligates the trial court to afford C.L. the opportunity to be heard "orally, or in writing, or both." R.C. 2930.09(E).

{¶14} Ohio courts have held that "[a] trial court abuses its discretion when it terminates a defendant's community-control sanctions without giving the parties notice and an opportunity to be heard." *State v. Gaiters*, 2025-Ohio-30, ¶ 11 (5th Dist.). *See also Malfregeot,* 2024-Ohio-257 at ¶ 10 .

{¶15} Although the trial court scheduled a hearing in response to C.L.'s motion to request a new hearing, solely for the purpose of allowing C.L. to voice his opposition to

Case No. 2024-T-0079

the termination of Reed's community control sentence, the additional hearing was scheduled after the trial court had rendered its decision. A trial court has no authority to reconsider a valid final judgment in a criminal case. *State, ex rel. Hansen, v. Reed*, 63 Ohio St.3d 597, 599 (1992). *See also State v. Kovach*, 2024-Ohio-1531, ¶ 5 (11th Dist.); *State v. Blas*, 2018-Ohio-2461, ¶ 16 (11th Dist.). As such, even had C.L. appeared, he would not have been provided with a meaningful opportunity to speak. Accordingly, the trial court abused its discretion by not affording C.L. the opportunity to be heard at the hearing on Reed's early termination of community control.

{¶16} The judgment of the Trumbull County Court of Common Pleas is reversed, and the case is remanded for a new hearing on the early termination of community control.

MATT LYNCH, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2024-T-0079

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, it is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is reversed, and this matter is remanded to the trial court for further proceedings consistent with the opinion.

Costs to be taxed against appellee, State of Ohio.

PRESIDING JUDGE ROBERT J. PATTON

JUDGE MATT LYNCH,
concurs

JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2024-T-0079