[Cite as *State v. Kusinko*, 2023-Ohio-4545.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                      :

    Plaintiff-Appellant,          :          No. 112817

    v.                            :

JOHNATHAN C. KUSINKO,               :

    Defendant-Appellee.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** December 14, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-15-599710-A and CR-20-651459-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellee.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals from the trial court's judgment terminating community control supervision of defendant-appellee Johnathan Kusinko. The state argues that the trial court erred in terminating

community control (1) without holding a violation hearing and providing the parties with notice and an opportunity to be heard on the issue of termination and (2) where the record demonstrates that Kusinko's service was not exemplary. For the reasons that follow, we vacate the trial court's judgment terminating Kusinko's community-control sanctions, reinstate community control and remand the matter for further proceedings.

**Factual Background and Procedural History**

{¶ 2} On February 2, 2016, Kusinko pled guilty to 18 counts in Cuyahoga C.P. No. CR-15-599710-A ("599710"): one count of aggravated burglary, two counts of burglary, three counts of aggravated theft, four counts of domestic violence, three counts of endangering children, one count of criminal damaging, one count of violating a protection order and three counts of menacing by stalking. Following the merger of offenses for sentencing, Kusinko was sentenced to an aggregate term of four years in prison. On May 30, 2018, the trial court granted Kusinko's request for judicial release and ordered that he be placed on five years' community control.

{¶ 3} On March 31, 2021, Kusinko pled guilty to one count of attempted domestic violence in Cuyahoga C.P. No. CR-20-651459-A ("651459"). The trial court found Kusinko to have violated the terms of his judicial release in 599710 but continued community control and sentenced Kusinko to two years of community-control sanctions in 651459.

{¶ 4} On August 22, 2022, a capias was issued for Kusinko because new charges had been filed against him. On November 28, 2022, Kusinko filed a motion

to lift the warrant and set a probation violation arraignment so that he could post bond in a Medina County case, for which he was then incarcerated in the Medina County Jail. The state opposed the motion. The trial court denied the motion and stated Kusinko "must surrender to custody before violation hearing is set."

{¶ 5} On May 5, 2023, Kusinko entered into custody in 599710 and 651459. Five days later, the trial court, sua sponte, terminated supervision, without prior notice to the parties and without holding a hearing on the termination issue. In its May 10, 2023 journal entries in 599710 and 651459, the trial court stated: "Judicial release is unsuccessfully terminated. Deft currently under supervision in Medina County Case 22-CR-0875. Defendant ordered released as to this case only."

{¶ 6} Pursuant to R.C. 2945.67 and App.R. 5(C), the state sought leave to appeal the trial court's May 10, 2023 journal entries terminating community-control supervision. This court granted the motion. The state raises the following two assignments of error for review:

> Assignment of Error I: The trial court erred in terminating community control supervision without holding a violation hearing.
>
> Assignment of Error II: The trial court erred in terminating community control supervision when the record demonstrates Appellee's service was not exemplary.

**Law and Analysis**

{¶ 7} "'Trial courts lack any statutory authority to terminate community control outside the statutory framework provided in R.C. 2929.15(C).'" *State v. Weeks*, 8th Dist. Cuyahoga Nos. 110195 and 110196, 2021-Ohio-3735, ¶ 13, quoting

*State v. Ogle*, 4th Dist. Hocking, No. 16CA22, 2017-Ohio-869, ¶ 10. The state is "a party to all community control violation proceedings" and is "entitled to proper notice and an opportunity to be heard at all community control violation proceedings." *State v. Heinz*, 146 Ohio St.3d 374, 2016-Ohio-2814, 56 N.E.3d 965, ¶ 21. This court has stated that there is "no distinction" between the "early termination" of community control and "community control violation proceedings" as it relates to notice and the opportunity to be heard. *Weeks* at ¶ 19.

{¶ 8} In *Weeks*, this court held that the trial court had abused its discretion in, sua sponte, terminating the defendant's community control early without providing the parties with notice or an opportunity to be heard. *Weeks* at ¶ 19-20, 23. As it related to the state, the court noted that because the trial court terminated the defendant's community control without providing the state with notice and an opportunity to be heard, "the prosecuting attorney was unable to adequately represent the interests of the state by ensuring that [the defendant] had been properly punished and rehabilitated while protecting the safety of the public." *Id*. at ¶ 20.

{¶ 9} In this case, the trial court likewise, sua sponte, terminated Kusinko's community control without providing the parties with notice and an opportunity to be heard regarding the issue. Pursuant to *Weeks*, the trial court's failure to provide the state with notice and an opportunity to be heard regarding termination of Kusinko's community control is an abuse of discretion. *Id*. at ¶ 19-20, 23.

**{¶ 10}** In his appellate brief, Kusinko concedes that the trial court erred in terminating community control without a hearing and agrees that the matter should be remanded to the trial court for a hearing on the issue.

**{¶ 11}** The state's first assignment of error is sustained. We vacate the trial court's judgment terminating Kusinko's community-control sanctions, reinstate community control and remand the matter to the trial court for further proceedings. *See id.* at ¶ 25.

**{¶ 12}** Based on our resolution of the state's first assignment of error, its second assignment of error is moot.

**{¶ 13}** Judgment vacated and case remanded.

It is ordered that appellant shall pay the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
SEAN C. GALLAGHER, J., CONCUR