[Cite as *State v. Malfregeot*, **2024-Ohio-257.**]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 113339 |
| v. | : | |
| JAMES MALFREGEOT, | : | |
| Defendant-Appellee. | : | |
| [Appeal by Jane Doe, Victim-Appellant] | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** January 25, 2024

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-654907-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Christine M. Vacha, Assistant Prosecuting Attorney, *for appellee*.

Ohio Crime Victim Justice Center and Latina Bailey, *for appellant*.

EILEEN T. GALLAGHER, J.:

{¶ 1} Victim-appellant ("Jane Doe") appeals an order terminating the community-control sanctions imposed on defendant-appellee, James Malfregeot ("Malfregeot"), and claims the following:

> The trial court erred, violating victim-appellant Jane Doe's constitutional rights pursuant to Ohio Constitution, Article I, Section 10a(A)(1) and (4), when the court terminated defendant-appellee James Malfregeot's community sanctions without complying with Revised Code Section 2930.161 by providing notice to the victim-appellant Jane Doe.

{¶ 2} We find merit to the appeal, vacate the trial court's October 10, 2023 journal entry terminating community control, and remand this case back to the trial court to comply with Marsy's Law.

## I. Facts and Procedural History

{¶ 3} In December 2021, Malfregeot pleaded guilty to two counts of gross sexual imposition in violation of R.C. 2907.05(A)(1) and 2907.05(A)(5), both fourth-degree felonies, and one count of assault in violation of R.C. 2903.13(A), a first-degree misdemeanor. The trial court sentenced him to two years of community-control sanctions on each count.

{¶ 4} In March 2023, Malfregeot filed a motion to terminate community-control sanctions, but the trial court denied the motion. In October 2023, Malfregeot filed a second motion to terminate community-control sanctions. This time, the trial court granted the motion, stating in its journal entry:

Per recommendation of the probation department, defendant may terminate early and as successful as of 10/10/23. Defendant successfully terminated from probation/community control supervision.

The trial court terminated Malfregeot's community control without providing notice to the state or the victim, Jane Doe. Jane Doe now appeals the trial court's judgment.

## II. Law and Analysis

## A. Standard of Review

{¶ 5} In the sole assignment of error, Jane Doe argues the trial court erred in granting Malfregeot's motion to terminate community-control sanctions without complying with R.C. 2930.161 and giving notice to Jane Doe.

{¶ 6} We review a trial court's decision to terminate a defendant's community-control sanctions for an abuse of discretion. *State v. Kusinko*, 8th Dist. Cuyahoga No. 112817, 2023-Ohio-4545, ¶ 9. An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. This court has held that an abuse of discretion may be found where a trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454, ¶ 15 (8th Dist.). Indeed, courts do not have discretion to erroneously apply the law. *Johnson* at ¶ 39 ("We take this opportunity to make it clear that courts lack the discretion to make errors

of law, particularly when the trial court's decision goes against the plain language of a statute or rule.).

{¶ 7} R.C. 2929.15(C) governs the early termination of community-control sanctions and states, in relevant part:

> If an offender, for a significant period of time, fulfills the conditions of a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code in an exemplary manner, the court may reduce the period of time under the sanction or impose a less restrictive sanction[.]

{¶ 8} However, crime victims have been granted certain rights under Article I, Section 10a, Ohio Constitution, also known as "Marsy's Law." Thus, although a trial court may reduce the duration of community control, it may do so only as long as the victim's rights under Marsy's Law are protected.

{¶ 9} R.C. Chapter 2930 was enacted in accordance with Marsy's Law. As relevant here, R.C. 2930.161(A)(1) requires a court to provide notice to the victim of a "probation or community control revocation disposition proceeding or any proceeding in which the court is asked to terminate the probation or community control of a person who was convicted of committing a criminal offense against the victim[.]" R.C. 2930.161(B) further provides:

> (B) On request of a victim or victim's representative who has provided current contact information, the probation department shall notify the victim and victim's representative, if applicable, of the following as soon as it becomes known to the probation department:
>
> (1) Any proposed modification to any term of probation or community control if the modification affects restitution, incarceration, or detention status or the defendant's or alleged juvenile offender's contact with or safety of the victim;

(2) The victim's and victim's representative's right to be heard at a hearing that is set to consider any modification to be made to any term of probation or community control;

(3) Any violation of any term of probation or community control that results in the filing of a petition with the court to revoke probation or community control;

(4) Following a risk assessment of the terms of probation or community control, including the period of supervision and any modifications to the terms of probation or community control, any restricted locations and any other conditions of probation or community control that impact victim safety.

{¶ 10} Under the plain language of R.C. 2930.161(A) and 2930.161(B), victims are guaranteed notice and an opportunity to be heard whenever a court considers early termination of a defendant's community-control sanctions. In *Kusinko*, 8th Dist. Cuyahoga No. 112817, we held that a court abuses its discretion when it terminates a defendant's community-control sanctions without giving the parties notice and an opportunity to be heard. *Id.* at ¶ 7-9.

{¶ 11} Jane Doe asserts that she was not provided notice or an opportunity to be heard in response to Malfregeot's motion to terminate his community-control sanctions before the court granted the motion and terminated the sanctions. The state filed a brief agreeing with Jane Doe that notice was not provided. And, we find nothing in the record or on the docket to indicate that any notice was provided to Jane Doe. We, therefore, find that the trial court abused its discretion in terminating Malfregeot's community-control sanctions without providing Jane Doe with notice and opportunity to be heard.

{¶ 12} The sole assignment of error is sustained.

**{¶ 13}** Judgment vacated and case remanded to the trial court to comply with Marsy's Law.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
ANITA LASTER MAYS, J., CONCUR