[Cite as *State v. Gaiters*, 2025-Ohio-30.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | Hon. Craig R. Baldwin, J. |
| | Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. CT2024-0118 |
| ADAM GAITERS | |
| | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDINGS:       Appeal from the Muskingum County
                                Court of Common Pleas, Case No.
                                CR2024-0230


JUDGMENT:                       Reversed and Remanded

DATE OF JUDGMENT ENTRY:         January 6, 2025


APPEARANCES:


For Plaintiff-Appellant                 For Defendant-Appellee

RON WELCH                               MARK E. KAIDO
Muskingum County Prosecuting Attorney   Gottlieb, Johnston, Beam &
                                        Dal Ponte, LLC
JOSEPH A. PALMER                        320 Main Street, P.O. Box 190
Assistant Prosecuting Attorney          Zanesville, Ohio 43701
27 North Fifth Street, Suite 201
Zanesville, Ohio 43701

*Hoffman, P.J.*

**{¶1}** Plaintiff-appellant State of Ohio appeals the September 18, 2024 Order Unsuccessfully Terminating Community Control entered by the Muskingum County Court of Common Pleas, which terminated defendant-appellee Adam A. Gaiters' community control sanctions without providing notice to the victim.

STATEMENT OF THE CASE[1]

**{¶2}** On April 18, 2024, the Muskingum County Grand Jury indicted Appellee on one count of assault, in violation of R.C. 2903.13(A) and (C), a misdemeanor of the first degree (Count 1); one count of tampering with evidence, in violation of R.C. 2921.12(A)(2) and (B), a felony of the third degree (Count 2); and one count of falsification, in violation of R.C. 2921.13(A)(2) and (F)(1), a misdemeanor of the first degree (Count 3); and one count of insurance fraud, in violation of R.C. 2913.47(B)(1) and (C), a felony of the fifth degree (Count 4). Appellee appeared before the trial court for arraignment on May 1, 2024, and entered a plea of not guilty to the Indictment. Connor Reed, the victim, completed an Ohio Victims' Rights Request Form on May 19, 2024.

**{¶3}** The matter was scheduled for jury trial on July 11, 2024, however, on July 10, 2024, Appellee advised the trial court he wished to withdraw his former plea of not guilty and enter a plea of no contest to Count 1, and pleas of guilty to Counts 2 and 3. After conducting a Crim.R. 11 colloquy, the trial court found Appellee guilty of Count 1, assault; Count 2, tampering with evidence; and Count 3, falsification. Pursuant to plea negotiations, the State moved to dismiss Count 4. At sentencing on August 21, 2024, the trial court placed Appellee on community control for a period of two (2) years, subject to

---

[1] A Statement of the Facts underlying Appellee's convictions and sentence is not necessary to our disposition of this appeal.

the supervision and control of the Adult Probation Department. The trial court memorialized Appellee's convictions and sentence via Entry filed August 23, 2024.

**{¶4}** On September 18, 2024, the Chief Probation Officer filed a report, advising the trial court Appellee had complied with his community control sanctions with the exception of his inability to meet all financial obligations. The Chief Probation Officer added Appellee would not benefit from continued community control supervision, and requested Appellee's community control be unsuccessfully terminated. Via Order filed September 18, 2024, the trial court ordered Appellee's community control be unsuccessfully terminated. On October 1, 2024, at 10:47 a.m., the State filed a Notice of Appeal. At 1:29 p.m. on the same day, the State filed an objection to termination of sentence with the trial court. Therein, the State asserted 25 days after Appellee was sentenced, his "sentence of 60 days was deleted, his probation terminated, and he was ushered out the back door of the jail without a word to the State or the victim." State's Objection to Termination of Sentence at p. 1, unpaginated.

**{¶5}** It is from the September 18, 2024 Order terminating Appellee's community control the State appeals, raising as its sole assignment of error:

DEFENDANT'S COMMUNITY CONTROL SANCTIONS CANNOT BE TERMINATED WITHOUT NOTIFYING THE VICTIM OF ASSAULT PER ARTICLE 1, SECTION 10(a) OF THE OHIO CONSTITUTION, ALSO KNOW [SIC] AS MARSY'S LAW, AND R.C. 2930.161.

I

**{¶6}** In its sole assignment of error, the State contends the trial court did not have authority to terminate Appellee's community control sanctions without notifying the victim.

**{¶7}** We review a trial court's decision to terminate a defendant's community-control sanctions for an abuse of discretion. *State v. Kusinko*, 2023-Ohio-4545, ¶ 9 (8th Dist.). An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. An abuse of discretion may be found where a trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 2008-Ohio-1720, ¶ 15 (8th Dist.). Indeed, courts do not have discretion to erroneously apply the law. *Johnson* at ¶ 39 ("We take this opportunity to make it clear that courts lack the discretion to make errors of law, particularly when the trial court's decision goes against the plain language of a statute or rule.").

**{¶8}** R.C. 2929.15(C) governs the early termination of community-control sanctions and states, in relevant part:

> If an offender, for a significant period of time, fulfills the conditions of a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code in an exemplary manner, the court may reduce the period of time under the sanction or impose a less restrictive sanction[.]

**{¶9}** However, crime victims have been granted certain rights under Article I, Section 10a, Ohio Constitution, also known as "Marsy's Law." Thus, although a trial court may reduce the duration of community control, it may do so only as long as the victim's rights under Marsy's Law are protected.

**{¶10}** R.C. Chapter 2930 was enacted in accordance with Marsy's Law. As relevant here, R.C. 2930.161(A)(1) requires a court to provide notice to the victim of a "probation or community control revocation disposition proceeding or any proceeding in which the court is asked to terminate the probation or community control of a person who was convicted of committing a criminal offense against the victim[.]" R.C. 2930.161(B) further provides:

> (B) On request of a victim or victim's representative who has provided current contact information, the probation department shall notify the victim and victim's representative, if applicable, of the following as soon as it becomes known to the probation department:
>
> (1) Any proposed modification to any term of probation or community control if the modification affects restitution, incarceration, or detention status or the defendant's or alleged juvenile offender's contact with or safety of the victim;
>
> (2) The victim's and victim's representative's right to be heard at a hearing that is set to consider any modification to be made to any term of probation or community control;

(3) Any violation of any term of probation or community control that results in the filing of a petition with the court to revoke probation or community control;

(4) Following a risk assessment of the terms of probation or community control including the period of supervision and any modification to the terms of probation or community control, any restricted locations and any other conditions of probation or community control that impact victim safety.

**{¶11}** Under the plain language of R.C. 2930.161(A) and 2930.161(B), victims are guaranteed notice and an opportunity to be heard whenever a court considers early termination of a defendant's community-control sanctions.  A trial court abuses its discretion when it terminates a defendant's community-control sanctions without giving the parties notice and an opportunity to be heard. (Citation omitted.) *State v. Malfregeot*, 2024-Ohio-257, ¶ 10 (8th Dist.).

**{¶12}** Connor Reed, the victim herein, completed an Ohio Victim's Rights Request Form on May 19, 2024.  He was not provided notice or an opportunity to be heard in response to the Chief Probation Officer's report requesting Appellee's community-control sanctions be terminated before the trial court terminated the sanctions. Upon review, we find nothing in the record or on the docket to indicate any notice was provided to Reed. We, therefore, find the trial court abused its discretion in terminating Appellee's community-control sanctions without providing Reed with the requisite notice and opportunity to be heard.

**{¶13}** The State's sole assignment of error is sustained.

**{¶14}** The judgment of the Muskingum County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with this Opinion and the law.

By: Hoffman, P.J.

Baldwin, J. and

King, J. concur