[Cite as *State v. Miller*, 2025-Ohio-865.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2025-CA-6 |
| | : | |
| v. | : | Trial Court Case No. 2024 CR 0447 |
| | : | |
| STEPHANI M. MILLER | : | (Criminal Appeal from Common Pleas Court) |
| | : | |
| Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 14, 2025

. . . . . . . . . . .

RONALD P. KELLER, Attorney for Appellee, Stephani M. Miller

MEGAN A. HAMMOND, Attorney for Appellee, State of Ohio

NATHAN D. BOONE, Attorney for Appellant, Victim - Minor

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Non-party alleged Minor Victim appeals from the trial court's January 31, 2025 entry and order striking his motion to modify defendant Stephani M. Miller's bond conditions and overruling the State's motion to remove attorney Nathan D. Boone as

Minor Victim's legal representative.

{¶ 2} Minor Victim contends the trial court erred in (1) finding that Boone could not file a bond-modification motion in his capacity as guardian ad litem (GAL), (2) finding that Minor Victim lacked standing to seek bond modification, (3) not permitting Minor Victim to be heard during a January 17, 2025 hearing on the above-referenced motions, and (4) failing to allow Minor Victim to exercise rights and to be treated with fairness and respect.

{¶ 3} For the reasons set forth below, we find Minor Victim's arguments to be unpersuasive. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 4} In August 2024, a grand jury indicted defendant Miller on charges of felonious assault, child endangering, and domestic violence. Minor Victim was the alleged victim. Miller was arraigned and released on bond. The terms of her bond prohibited contact with Minor Victim. In September 2024, Miller unsuccessfully moved for modification of the no-contact provision.

{¶ 5} In his capacity as Minor Victim's GAL in a separate juvenile-court dependency, abuse, or neglect action, attorney Boone filed an October 2024 bond-modification motion in the above-captioned criminal case. The motion sought modification of the no-contact provision. A magistrate struck the motion in November 2024, finding that Boone lacked standing as Minor Victim's GAL to seek modification of defendant Miller's bond conditions in the criminal case.

{¶ 6} Thereafter, in December 2024, members of Minor Victim's family retained Boone to represent Minor Victim in this criminal case for purposes of asserting Minor

Victim's rights under Marsy's Law, a 2018 victim-rights amendment to the Ohio Constitution. Specifically, Minor Victim claimed the right to seek modification of the no-contact provision in Miller's bond. To that end, Boone entered an appearance in the criminal case on behalf of Minor Victim and filed another motion to modify bond. The State opposed that motion and filed its own motion to have Boone removed as Minor Victim's representative.

{¶ 7} The two motions proceeded to a January 17, 2025 hearing before the trial court. After hearing argument and taking the matter under advisement, the trial court filed its January 31, 2025 entry and order striking Minor Victim's motion to modify bond and overruling the State's motion to have Boone removed as Minor Victim's representative. Minor Victim timely appealed, advancing four assignments of error.

## II. Analysis

{¶ 8} Minor Victim's first assignment of error states:

**The Trial Court erred when it found that a guardian ad litem, appointed through the juvenile division, lacks the standing to file pretrial motions on behalf of a victim in a criminal proceeding in the general division of the common pleas court.**

{¶ 9} Minor Victim first challenges the striking of attorney Boone's October 2024 bond-modification motion. As noted above, Boone filed the motion in his capacity as Minor Victim's juvenile-court-appointed GAL. Minor Victim contends Marsy's Law authorizes a crime victim to designate anyone to exercise the victim's rights, including a GAL appointed by another court in a separate proceeding.

{¶ 10} Upon review, we have no occasion to decide whether a GAL appointed in a juvenile-court dependency, abuse, or neglect action may file a motion on behalf of a crime victim in a criminal case. The above-captioned appeal was taken solely from the trial court's January 31, 2025 entry and order striking Minor Victim's December 12, 2024 motion to modify defendant Miller's bond. Attorney Boone filed that motion in his capacity as Minor Victim's privately retained counsel, not in his capacity as Minor Victim's appointed GAL. The present appeal does not involve the earlier court order striking the October 2024 bond-modification motion that had been filed by Boone acting as GAL. Accordingly, the first assignment of error is overruled.

{¶ 11} Minor Victim's second assignment of error states:

**The Trial Court erred by finding that a victim has no standing to file pretrial motions in a criminal matter.**

{¶ 12} Minor Victim contends Marsy's Law authorizes a crime victim to file a pretrial motion to modify a criminal defendant's bond. Minor Victim recognizes that Marsy's Law, which is found in Article I, Section 10a of the Ohio Constitution, expands the rights of crime victims without making them parties to a criminal case. As relevant here, Article I, Section 10a gives crime victims the right, "upon request, to reasonable and timely notice of all public proceedings involving the criminal offense or delinquent act against the victim, and to be present at all such proceedings." Article I, Section 10a also grants crime victims the right "to be heard in any public proceeding involving release, plea, sentencing, disposition, or parole, or in any public proceeding in which a right of the victim is implicated."

{¶ 13} In recognition of the foregoing provisions of Marsy's Law, the General Assembly amended R.C. 2930.09 effective April 6, 2023 to guarantee crime victims the right to be heard in a public proceeding. The statute provides in part:

A victim and victim's representative in a case, if applicable, have the right to be present, during any public proceeding, other than a grand jury proceeding. . . . The victim, victim's representative, and victim's attorney, if applicable, have the right to be heard by the court at any proceeding in which any right of the victim is implicated. If present, the victim, victim's representative, and victim's attorney, if applicable, have the right to be heard orally, in writing, or both.

R.C. 2930.09(A)(1).

{¶ 14} Another portion of R.C. 2930.09 more specifically addresses crime victims' involvement in bond decisions. It states:

The victim and victim's representative, if applicable, have the right to be present and be heard orally, in writing, or both at any proceeding in which the court conducts a hearing on the post-arrest release of the person accused of committing a criminal offense or delinquent act against the victim or the conditions of that release, including the arraignment or initial appearance.

R.C. 2930.09(D).

{¶ 15} Minor Victim argued below that Marsy's Law and R.C. 2930.09 gave him the right to be heard on bond by filing a motion to modify the conditions of defendant

Miller's bond to remove the no-contact provision. The trial court rejected this argument, noting that Marsy's Law and R.C. 2930.09 contemplated a "public proceeding" at which a crime victim may be present and may be heard orally or in writing. The trial court held that neither the constitutional provision nor R.C. 2930.09 authorized a crime victim to file a written motion for bond modification outside the context of a public proceeding.

{¶ 16} Upon review, we find the trial court's analysis to be persuasive. Article I, Section 10a of the Ohio Constitution grants a crime victim the right "to be present" at "public proceedings" involving the crime against the victim. It also grants a crime victim the right "to be heard in any public proceeding involving release" or "in any public proceeding in which a right of the victim is implicated." Similarly, R.C. 2930.09(A)(1) authorizes a crime victim to "be present" during a "public proceeding." The victim has "the right to be heard . . . at any proceeding in which any right of the victim is implicated." *Id.* The victim has the right to be heard orally, in writing, or both "if present." *Id.* Additionally, R.C. 2930.09(D) gives a crime victim "the right to be present and be heard . . . at any proceeding in which the court conducts a hearing on the post-arrest release of the person accused of committing a criminal offense" against the victim.

{¶ 17} In our view, Marsy's Law and the cited portions of R.C. 2930.09 authorize a crime victim to be heard during a live "public proceeding," including arraignment or a bond hearing. The constitutional provision and statute reference a crime victim's right to be *present* and heard *in or at* such a proceeding. Nothing in Marsy's Law or the portion of R.C. 2930.09 upon which Minor Victim relies grants a crime victim the right to file a bond-modification motion outside the context of a public proceeding where the victim has

a right to be present. As the trial court recognized, another statute, R.C. 2930.05(B), does authorize a crime victim to file a bond-modification motion in one situation. Specifically, R.C. 2930.05(B) authorizes a victim to move for bond modification if a defendant has been released on bond and has threatened the victim or a member of the victim's family. In that situation, a crime victim may move for reconsideration of the conditions of bond if the prosecutor refuses to do so. The scenario envisioned by R.C. 2930.05(B) plainly does not apply here.

{¶ 18} On appeal, Minor Victim also cites Crim.R. 12(L), which provides: "To the extent required by Article I, Section 10a of the Ohio Constitution or by the Revised Code, the trial court shall allow an alleged victim of the crime to file pretrial motions[.]" Once again, however, we see nothing in Marsy's Law or R.C. 2930.09 authorizing Minor Victim to file the bond-modification motion at issue. The criminal rule does not create a right to file a motion unless required by Article I, Section 10a or the Revised Code.

{¶ 19} Finally, Minor Victim suggests in passing that no one ever informed him of his rights under Marsy's Law. Minor Victim briefly addressed this issue in his December 12, 2024 bond-modification motion and in his January 10, 2025 reply memorandum. At pages four through six of the reply (which erroneously was styled as a motion), Minor Victim asserted "upon information and belief" that the prosecutor "may have failed to notify the minor alleged victim" of rights under Marsy's Law. The reply claimed that the prosecutor had attempted such notice but could not confirm whether Minor Victim or a representative in fact ever had received notice of the rights provided by Marsy's Law. The reply included an affidavit from Minor Victim's custodian stating that no one had spoken

directly to Minor Victim about Marsy's Law rights. Notably, this averment did not foreclose the possibility that someone had contacted a representative of the Minor Victim.

{¶ 20} In any event, if Minor Victim was not advised, either directly or through a victim's representative, of the right to be present at a public proceeding involving defendant Miller's release on bond, the lack of such notice presumably would violate Article I, Section 10a of the Ohio Constitution. Indeed, Marsy's Law gives crime victims the right "to be informed, in writing, of all rights enumerated in this section." Those rights include the right to be present and heard at all public proceedings.

{¶ 21} If a crime victim or victim's representative is not present during a public proceeding, R.C. 2930.09(A)(2) directs the trial court to question the prosecutor about whether the victim or victim's representative received notice of the proceeding. If sufficient notice was not provided, "the court shall not rule on any substantive issue that implicates a victim's right, accept a plea, or impose a sentence, and shall continue the court proceeding for the time necessary to notify the victim and victim's representative, if applicable, of the time, place, and nature of the court proceeding." *Id.*

{¶ 22} On the record before us, however, we have no way of knowing whether anyone advised Minor Victim or a legal representative of the child's rights under Marsy's Law, including the right to be present and heard at all public proceedings. Moreover, nothing in the record establishes whether a victim's representative did or did not attend defendant Miller's arraignment. We have no transcript of the arraignment, where the trial court ordered bond with a no-contact provision. Consequently, we do not know what, if anything, the prosecutor may have told the trial court at that proceeding regarding Minor

Victim's awareness of Marsy's Law or the existence of the hearing itself.

{¶ 23} Assuming arguendo (1) that Minor Victim or a victim's representative was not notified of Minor Victim's rights under Marsy's Law, including the right to be present at arraignment and heard on the issue of defendant Miller's release on bond, and (2) that Minor Victim or a victim's representative would have appeared and opposed the no-contact provision if notice had been provided, we still see no basis for reversing the trial court's entry and order striking Minor Victim's bond-modification motion.

{¶ 24} Minor Victim's second assignment of error asserts a right to file a bond-modification motion under Article I, Section 10a of the Ohio Constitution and R.C. 2930.09. Based on the reasoning set forth above, we see nothing in the constitutional provision or the cited portions of the Revised Code granting Minor Victim such a right. A crime victim or victim's representative has "the right to be present and be heard orally, in writing, or both at any proceeding in which the court conducts a hearing on the post-arrest release of the person accused of committing a criminal offense . . . or the conditions of that release, including the arraignment or initial appearance." R.C. 2930.09(D). This right is consistent with Article I, Section 10a of the Ohio Constitution, which grants a crime victim the right "to be heard in any public proceeding involving release" of a criminal defendant.

{¶ 25} Contrary to Minor Victim's argument on appeal, the foregoing provisions do not authorize crime victims to file pretrial motions outside the context of public proceedings at which the victim or a representative may be present and heard. If the prosecutor violated Marsy's Law by failing to inform Minor Victim of the right to be heard

at arraignment, as Minor Victim seems to suggest, the remedy upon discovering the violation would be to move for a new bond hearing where Minor Victim could be heard or possibly to appeal from the trial court's entry granting defendant Miller bond with a no-contact provision.

{¶ 26} In reaching this conclusion, we note that "[a] victim, victim's representative, or victim's attorney . . . has standing as a matter of right to assert, or to challenge an order denying, the rights of the victim provided by law in any judicial or administrative proceeding." R.C. 2930.19(A)(1). Here the trial court's original order granting defendant Miller bond with a no-contact provision may have denied Minor Victim a Marsy's Law right to be heard if the trial court entered its order without Minor Victim's knowledge of the arraignment. Under such circumstances, Minor Victim might be entitled to seek a new bond hearing or to appeal from the trial court's September 9, 2024 arraignment entry containing the no-contact bond provision. *Compare Cleveland v. Rudolph*, 2022-Ohio-2363 (8th Dist.) (finding a Marsy's Law violation, reversing, and remanding for resentencing where a crime victim did not receive notice of a sentencing hearing and, therefore, did not have an opportunity to be heard); *State v. Gaiters*, 2025-Ohio-30 (5th Dist.) (finding a Marsy's Law violation, reversing, and remanding for further proceedings where the trial court terminated the defendant's community-control sanctions without giving a crime victim prior notice and an opportunity to be heard on the issue).

{¶ 27} But neither Marsy's Law nor R.C. 2930.09 grants Minor Victim the right to file a stand-alone pretrial motion to modify the terms of defendant Miller's bond. Therefore, R.C. 2930.19(A)(1), which confers standing on a victim or victim's

representative "to assert, or to challenge an order denying, the rights of the victim provided by law," does not apply to the trial court's entry and order striking Minor Victim's bond-modification motion. The second assignment of error is overruled.

{¶ 28} Minor Victim's third assignment of error states:

**The Trial Court erred when it denied the victim the right to be heard at a public proceeding, and further by denying and striking their pretrial motions.**

{¶ 29} While Minor Victim's third assignment of error references the "striking" of "motions," the substantive argument addresses only the trial court's refusal hear from Minor Victim during the January 17, 2025 hearing.

{¶ 30} The primary subject of the hearing was the State's motion to have Boone removed as Minor Victim's representative. The trial court took no evidence during the hearing but listened to arguments from counsel. While discussing the State's motion, respective counsel briefly addressed Minor Victim's motion to modify defendant Miller's bond. In response, the trial court questioned the ability of a non-party crime victim or the crime victim's retained counsel to file a motion as if a party to the case. Attorney Boone responded that R.C. 2930.09(A) gave Minor Victim the right to be heard orally or in writing in any proceeding where Minor Victim's rights were implicated. Boone maintained that this right included moving to modify defendant Miller's bond. Near the end of the hearing, Boone asked the trial court to allow Minor Victim to testify about the no-contact condition. *See* January 17, 2025 Transcript at 37. The trial court responded that it would hear from Minor Victim if it ultimately determined that Minor Victim was entitled to file a bond-

modification motion in the criminal case. Until then, the trial court stated that it would not hear testimony "in regards to bond conditions or their changing." *Id.* at 41.

{¶ 31} On appeal, Minor Victim again cites R.C. 2930.09(A), which provides in part: "The victim, victim's representative, and victim's attorney, if applicable, have the right to be heard by the court at any proceeding in which the right of the victim is implicated. If present, the victim, victim's representative, and victim's attorney, if applicable, have the right to be heard orally, in writing, or both." Minor victim argues that he was present at the January 17, 2025 hearing, that his rights were implicated, and that he wanted to be heard orally. He insists that the trial court erred in denying him an opportunity to testify.

{¶ 32} Upon review, we find Minor Victim's argument to be unpersuasive. The hearing transcript reflects that Minor Victim wanted to testify in support of his motion to modify the no-contact bond provision. Given our determination above that Minor Victim had no legal right to file the motion in defendant Miller's criminal case, it follows that the trial court did not err in precluding Minor Victim from testifying in support of the motion.

{¶ 33} On appeal, Minor Victim claims he actually desired to testify in opposition to the State's effort to have attorney Boone removed as Minor Victim's representative. But this assertion is unsupported by the hearing transcript. Attorney Boone told the trial court that Minor Victim wanted to be heard "regarding the ability to see" defendant Miller, not regarding the State's effort to have Boone removed. *See* Transcript at 37. In any event, we note that the trial court overruled the State's motion to have Boone removed, even without input from Minor Victim. Accordingly, the third assignment of error is overruled.

{¶ 34} Minor Victim's fourth assignment of error states:

**The Trial Court erred when [it] failed to afford the victim rights that are to be protected in a manner no less vigorous than the rights afforded to the accused as well as treated with fairness or respect.**

{¶ 35} Minor Victim's final assignment of error addresses two findings in the trial court's January 31, 2025 entry and order: (1) a finding that attorney Boone had caused unreasonable delay by filing bond-modification motions and (2) a finding that Boone was a material witness in defendant Miller's criminal case. Minor Victim challenges the accuracy of these findings.

{¶ 36} Upon review, we see no basis for reversal. The trial court addressed the delay and Boone's material-witness status in the context of overruling the State's motion to have him removed as Minor Victim's representative. The trial court's full analysis was as follows:

Having considered the record and the positions of the victim and the parties in this case, the Court does have concerns about Attorney Boone's role as victim's representative in this case. The Court notes it has spent nearly three months adjudicating and considering various arguments raised by Attorney Boone regarding the issue of Miller's bond conditions, which has required the originally scheduled jury trial in this matter to be continued and has undoubtedly delayed progress in this case. This delay seems to stand in direct opposition to the victim's right to a speedy disposition of this case, free from unreasonable delay. (See R.C. 2030.08(A)(2): "A victim has

the right to proceedings free from unreasonable delay and a prompt conclusion of the case. The court and all participants shall endeavor to complete the case within the time frame provided by the Rules of Superintendence."). Moreover, the Court is mindful that Attorney Boone is now a material witness given his direct knowledge of the alleged conduct which forms the basis of the criminal offenses charged in the indictment. That said, the Court finds there is insufficient evidence at this stage to remove Attorney Boone as the victim's representative for the minor victim.

January 31, 2025 Entry and Order at p. 4-5.

{¶ 37} While expressing concern about attorney Boone delaying the criminal case and becoming a material witness, the trial court overruled the State's motion to remove him as Minor Victim's representative. Therefore, we fail to see how Minor Victim was prejudiced by the trial court's remarks. We note too that the remarks were unrelated to the trial court's rationale for striking Minor Victim's motion to modify defendant Miller's bond conditions. As a result, the remarks provide no grounds to reverse the trial court's entry and order striking that motion. The fourth assignment of error is overruled.

### III. Conclusion

{¶ 38} The judgment of the Greene County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J. and HUFFMAN, J., concur.