[Cite as *State v. Trent*, 2025-Ohio-1278.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 30281 |
| | : | |
| v. | : | Trial Court Case No. 2023 CR 01508 |
| | : | |
| CODY ALAN TRENT | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 11, 2025

. . . . . . . . . . .

MORGAN T. GALLE, Attorney for Appellant

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Attorney for Appellee, State of Ohio

ARVIN S. MILLER, Attorney for Appellee, Cody Alan Trent

. . . . . . . . . . . . .

HANSEMAN, J.

{¶ 1} Victim-appellant, B.M., appeals from a judgment of the Montgomery County Court of Common Pleas that terminated the community control sanctions imposed on defendant-appellee, Cody Alan Trent. In support of her appeal, B.M. argues that the trial

court violated four of her constitutional rights under Marsy's Law, a notice requirement under R.C. 2930.161(A)(1), and her statutory rights to be present and heard at proceedings under R.C. 2930.09 when it failed to notify her of a review hearing at which it terminated Trent's community control sanctions. B.M. claims that the aforementioned violations warrant vacating the judgment terminating Trent's community control sanctions, and that the matter should be remanded to the trial court for a new review hearing. The State agrees with B.M.'s arguments and concedes error. For the reasons outlined below, we also agree with B.M.'s arguments. Therefore, we will vacate the judgment terminating Trent's community control sanctions and remand the matter to the trial court for a new community control review hearing that complies with Marsy's Law and Chapter 2930 of the Revised Code.

**Facts and Course of Proceedings**

{¶ 2} On May 26, 2023, a Montgomery County grand jury returned an indictment charging Trent with two fifth-degree-felony counts of violating a protection order in violation of R.C. 2919.27(A)(1). Following Trent's indictment, on May 30, 2023, B.M., the victim associated with the charges, signed and filed a Victims' Rights Request Form. On the form, B.M. requested to exercise several of her victims' rights pursuant to Article I, Section 10a of the Ohio Constitution. Among the rights B.M. requested was her "right to reasonable and timely notice of all public proceedings." *Id.* B.M. provided her mailing address and email address on the form and indicated that she wished to be contacted by email. B.M. also indicated that she wished to be contacted by telephone, but she did not

provide her telephone number on the form.

{¶ 3} Approximately one month after B.M. filed the Victims' Rights Request Form, Trent pled guilty to both charges for violating a protection order. The trial court accepted Trent's guilty plea and sentenced him to community control sanctions for a period not to exceed five years. Trent's community control sanctions included several conditions, including that Trent have no contact with B.M. and that he abide by all active protection orders.

{¶ 4} A year after Trent's sentencing, the State filed a motion alleging that Trent had violated the conditions of his community control sanctions. The State alleged that, for approximately one month, Trent had been contacting B.M. by changing the username on her Netfilx account to phrases such as: "I love you"; "I'm gross though"; "You don't even care"; "Yeah it shows when I begged you to drop the order"; "Just hope you have a good life love you"; "Still no call"; "Guess you've moved on"; "Haveagreatmothersday"; and "I'm still in love with you."  State's Motion to Impose Jail/Prison Sentence. The State also alleged that Trent had sent B.M. a check by certified mail in an effort to determine whether she had moved to a new residence.

{¶ 5} In response to the State's motion, the trial court held a community control review hearing on September 3, 2024. B.M. was not present at the review hearing; the only attendees were Trent, Trent's counsel, and the State. The review hearing lasted one minute and was limited to the trial court asking Trent about his current employment, his marital status, and whether he had custody of his children. The trial court never addressed the State during the hearing and did not discuss the community control violations alleged

in the State's motion. Instead, the trial court found that Trent had abided by the conditions of his community control and ordered the termination of his community control sanctions as successful. Nothing in the record indicates that B.M. was provided notice of the review hearing.

{¶ 6} B.M. now appeals from the trial court's judgment terminating Trent's community control sanctions and raises a single assignment of error for review.

## Assignment of Error

{¶ 7} Under her sole assignment of error, B.M. claims that the trial court violated four of her constitutional rights under Marsy's Law, a notice requirement under R.C. 2930.161(A)(1), and her statutory rights to be present and heard at proceedings under R.C. 2930.09 when it failed to notify her of the review hearing at which it terminated Trent's community control sanctions. As previously discussed, B.M. argues that these violations warrant vacating the trial court's order terminating Trent's community control sanctions and remanding the matter to the trial court for a new community control review hearing. We agree.

### *Standard of Review*

{¶ 8} R.C. 2929.15(C) governs the trial court's authority to reduce or terminate community control sanctions and provides that:

> If an offender, for a significant period of time, fulfills the conditions of
>
> a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the

Revised Code in an exemplary manner, the court may reduce the period of time under the sanction or impose a less restrictive sanction, but the court shall not permit the offender to violate any law or permit the offender to leave the state without the permission of the court or the offender's probation officer.

R.C. 2929.15(C).

{¶ 9} The language of this statute indicates that "[t]he Ohio Revised Code entrusts trial courts with discretion to reduce the period of time for a community-control sanction or even to impose a less restrictive sanction where an offender, for a significant period of time, fulfills the conditions of a sanction in an exemplary manner." *State v. Aguirre*, 2014-Ohio-4603, ¶ 32 (O'Neill, J., dissenting), citing R.C. 2929.15(C). Given this discretion, an appellate court reviews a trial court's decision to terminate a defendant's community control for an abuse of discretion. *State v. Malfregeot*, 2024-Ohio-257, ¶ 6 (8th Dist.), citing *State v. Kusinko*, 2023-Ohio-4545, ¶ 9 (8th Dist.). *Accord State v. Gaiters*, 2025-Ohio-30, ¶ 7 (5th Dist.).

{¶ 10} "The abuse of discretion standard, however, is inappropriate for reviewing a judgment based upon a question of law[.]" *MA Equip. Leasing I, L.L.C. v. Tilton*, 2012-Ohio-4668, ¶ 13 (10th Dist.), citing *Med. Mut. of Ohio v. Schlotterer*, 2009-Ohio-2496, ¶ 13. *Accord Castlebrook, Ltd. v. Dayton Properties Ltd. Partnership*, 78 Ohio App.3d 340, 346 (2d Dist. 1992). "Where the argument addresses an issue of law, such as whether the judgment is contrary to law or the court made an error of law, this court reviews that decision de novo, or without deference to the trial court's decision." *Gateway*

*Consultants Group, Inc. v. Premier Physicians Ctrs., Inc.*, 2017-Ohio-1443, ¶ 12 (8th Dist.). The Supreme Court of Ohio has made it clear that trial courts lack discretion to make errors of law and that questions of law are reviewed de novo:

> [A] court does not have discretion to misapply the law. A court has discretion to settle factual disputes or to manage its docket, for example, but it does not have discretion to apply the law incorrectly. That is why courts apply a de novo standard when reviewing issues of law.
>
> We take this opportunity to make it clear that courts lack the discretion to make errors of law, particularly when the trial court's decision goes against the plain language of a statute or rule.

(Citation omitted.) *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 38-39.

{¶ 11} In this case, we have been asked to review a question of law, i.e., whether the trial court violated B.M.'s constitutional rights under Marsy's Law and certain provisions of Chapter 2930 of the Revised Code when it terminated Trent's community control sanctions without notifying B.M. of the review hearing on that matter. Because B.M. has presented a question of law, we will apply a de novo standard of review.

*Marsy's Law*

{¶ 12} Marsy's Law is an amendment to Article I, Section 10a of the Ohio Constitution that expanded the rights afforded to victims of crimes. "Marsy's Law enumerates ten victims' rights, 'which shall be protected in a manner no less vigorous than the rights afforded to the accused.' " *State ex rel. Suwalski v. Peeler*, 2021-Ohio-

4061, ¶ 14, quoting Ohio Const., art. I, § 10a(A), *abrogated on other grounds by State v. Brasher*, 2022-Ohio-4703. The first four rights enumerated in Marsy's Law are as follows:

(1) to be treated with fairness and respect for the victim's safety, dignity and privacy;

(2) upon request, to reasonable and timely notice of all public proceedings involving the criminal offense or delinquent act against the victim, and to be present at all such proceedings;

(3) to be heard in any public proceeding involving release, plea, sentencing, disposition, or parole, or in any public proceeding in which a right of the victim is implicated; [and]

(4) to reasonable protection from the accused or any person acting on behalf of the accused[.]

Ohio Const., art. I, § 10a(A)(1)-(4).

{¶ 13} "[T]he victim . . . may assert the rights enumerated in [Marsy's Law] and any other right afforded to the victim by law" in "any proceeding involving the criminal offense . . . against the victim or in which the victim's rights are implicated[.]" *Id.* at § 10a(B). "If the relief sought is denied, the victim or the victim's lawful representative may petition the court of appeals for the applicable district, which shall promptly consider and decide the petition." *Id.* Therefore, "[w]hen a trial court makes a decision that implicates a victim's rights, the victim may petition the court of appeals for review of the decision." *State v. O'Neill*, 2024-Ohio-485, ¶ 7 (12th Dist.), citing Ohio Const., art. I, § 10a(B).

*Chapter 2930 of the Revised Code*

**{¶ 14}** To implement Marsy's Law, the Ohio General Assembly enacted new legislation and amended existing legislation under Chapter 2930 of the Revised Code, Ohio's victims' rights statute. *See* 2022 Sub.H.B. No. 343. One of the enacted statutes, R.C. 2930.161(A), requires the trial court to provide certain notifications to the victim of a crime upon the victim's request. Specifically, R.C. 2930.161(A)(1) provides that:

> (A) On request of a victim or victim's representative who has provided a current address or other current contact information, the court shall notify the victim and victim's representative, if applicable, of any of the following:
>
> (1) A probation or community control revocation disposition proceeding or any proceeding in which the court is asked to terminate the probation or community control of a person who was convicted of committing a criminal offense against the victim[.]

**{¶ 15}** Pursuant to R.C. 2930.06(G):

> [A] court that is required to notify a victim or victim's representative of hearings, on request, shall attempt a notification and keep a record of attempted notifications. The record shall indicate the person who was to be the recipient of the notice, the date on which the attempt was made, the manner in which the attempt was made, and the person who made the attempt. The notification shall be provided to the victim using the victim contact information provided on the victims' rights request form or otherwise

provided by the victim or victim representative by any reasonable means, including regular mail, telephone, or electronic mail.

{¶ 16} In addition to the aforementioned notification requirements, R.C. Chap. 2930 codifies a victim's right to be present and heard during proceedings. For example, R.C. 2930.09(A)(1) provides that victims "have the right to be present, during any public proceeding, other than a grand jury proceeding" and "the right to be heard by the court at any proceeding in which any right of the victim is implicated." Section (E) of the same statute also specifically provides that victims "have the right to be present and heard orally, in writing, or both at any probation or community control revocation disposition proceeding or any proceeding in which the court is requested to terminate the probation or community control of the person who is convicted of committing a criminal offense or delinquent act against the victim." R.C. 2930.09(E). Section (F) of the statute further provides that victims "have the right to be heard orally, in writing, or both at any proceeding in which the court is requested to modify the terms of probation or community control of a person if the modification will affect the person's contact with or the safety of the victim[.]" R.C. 2930.09(F).

{¶ 17} Pursuant to R.C. 2930.09(A)(2)(a)(i)-(iv), if a victim is not present at a court proceeding in which the right of the victim is at issue, the trial court is required to ask the prosecutor all the following:

(i) Whether the victim and victim's representative, if the victim or victim's representative requested notifications, were notified of the time, place, and purpose of the court proceeding;

(ii) To disclose to the court any and all attempts made to give each victim and victim's representative, if applicable, notice;

(iii) Whether the victim or victim representative were advised that the victim and victim's representative had a right to be heard at the court proceeding;

(iv) Whether the victim and victim representative were conferred with pursuant to section 2930.06 of the Revised Code.

{¶ 18} If the trial court determines that the victim was not given notice of the proceeding, was not adequately informed of the nature of the proceeding, or was not conferred with as required by R.C. 2930.06, "the court shall not rule on any substantive issue that implicates a victim's right . . . and shall continue the court proceeding for the time necessary to notify the victim . . . of the time, place, and nature of the court proceeding." R.C. 2930.09(A)(2)(b).

*Analysis*

{¶ 19} B.M. argues that, despite submitting a Victims' Rights Request Form that requested notice of all public proceedings, the trial court did not notify her of the September 3, 2024 review hearing at which it terminated Trent's community control sanctions, and that this prevented her from exercising her constitutional and statutory rights to be present and heard at the hearing. B.M. claims that this failure resulted in the violation of the first four constitutional rights guaranteed under Marsy's Law, i.e., Ohio Const., art. I, § 10a(A)(1)-(4); the notice requirement under R.C. 2930.161(A)(1); and her statutory rights to be present and heard at proceedings under R.C. 2930.09.

{¶ 20} Ohio's Eighth and Fifth Appellate Districts have each addressed the issue of whether a judgment terminating community control sanctions should be vacated as a result of the trial court's failure to notify the victim of the termination proceedings. *Malfregeot*, 2024-Ohio-257 (8th Dist.); *Gaiters*, 2025-Ohio-30 (5th Dist.). Both courts recognized that "although a trial court may reduce the duration of community control [per its authority under R.C. 2929.15(C)], *it may do so only as long as the victim's rights under Marsy's Law are protected*." (Emphasis added). *Malfregeot* at ¶ 8; *Gaiters* at ¶ 9. We agree.

{¶ 21} Both *Malfregeot* and *Gaiters* found that: "[u]nder the plain language of R.C. 2930.161(A) and R.C. 2930.161(B), victims are guaranteed notice and an opportunity to be heard whenever a court considers early termination of a defendant's community-control sanctions." *Malfregeot* at ¶ 10; *Gaiters* at ¶ 11. Both courts also found that a trial court "abuses its discretion when it terminates a defendant's community-control sanctions without giving the parties notice and an opportunity to be heard." *Id.* Because the victim in each case was not provided notice of the community control termination proceedings or an opportunity to be heard on the matter, both courts found that the trial court's judgment terminating the defendant's community control sanctions was an abuse of discretion and thus vacated or reversed the judgment and remanded the matter to the trial court. *Malfregeot* at ¶ 2 and ¶ 13; *Gaiters* at ¶ 14.

{¶ 22} Trent argues that we should not rely on *Malfregeot* and *Gaiters* because the language in those cases incorrectly suggests that R.C. 2930.161(A)(1) *guarantees* victims notice of community control termination proceedings as opposed to notice being

required "on request." We agree with Trent's claim that said notice is not mandatory, as R.C. 2930.161(A) only requires notice to be given "[o]n request of a victim . . . who has provided a current address or other current contact information[.]" However, despite this discrepancy, and despite *Malfregeot* and *Gaiters* reviewing a question of law for abuse of discretion, the fact remains that, at least in *Gaiters*, the record established that the victim had filed a Victims' Rights Request Form[1] and yet was not given notice of the defendant's community control termination proceedings as required by R.C. 2930.161(A)(1). Accordingly, we agree with the overall outcome of *Gaiters*. The Eighth District in *Malfregeot*, on the other hand, did not indicate whether the victim in that case had filed a Victims' Rights Request Form or otherwise requested notice of the proceedings. Accordingly, the question of whether the victim in *Malfregeot* was entitled to notice of the community control termination proceedings is unclear.

{¶ 23} In this case, Trent acknowledges that B.M. filed a Victims' Rights Request Form on May 30, 2023. As previously discussed, the form in question indicated that B.M. wished to be notified of all public proceedings. The form also included B.M.'s mailing address and email address and indicated that B.M. wished to be contacted by email or telephone. Despite this, Trent argues that B.M. did not request notice of the proceedings as required by R.C. 2930.161(A)(1) because she did not file an updated Victims' Rights Request Form after he was convicted. Trent, however, fails to point to any authority supporting the proposition that a new form is required after conviction.

{¶ 24} The Victims' Rights Request Form submitted by B.M. stated that the victim

---

[1] Although not specifically mentioned in *Gaiters*, we presume the Victims' Rights Request Form submitted by the victim requested notice of all public proceedings.

"must complete a new form and return it . . . to the prosecutor" if the victim "change[d] [her] mind" about requesting or waiving the rights listed in the form. There is no mention of a new form being required after conviction. Moreover, there is nothing in the record indicating that B.M. had changed her mind about exercising her victims' rights. The record also does not indicate that any of the contact information B.M. provided on the form needed to be updated. Therefore, we see no reason why B.M. would have been required to submit an additional form as argued by Trent.

{¶ 25} Because the record establishes that B.M. submitted a Victims' Rights Request Form that requested to exercise her right to notice of all public proceedings, and because the request form included her current contact information, B.M. satisfied the requirements under R.C. 2930.161(A)(1). Accordingly, the trial court was required by that statute to notify B.M. of the September 3, 2024 community control review hearing at which the court terminated Trent's community control sanctions. Trent's argument to the contrary lacks merit.

{¶ 26} Trent next argues that B.M.'s appeal is not properly before this court because she failed to raise the alleged violations of Marsy's Law and Chapter 2930 of the Revised Code in the trial court. Trent claims that B.M.'s failure to take any action in the trial court bars her from raising the claimed violations on appeal because " 'an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.' " *State v. McGrady*, 2010-Ohio-3243, ¶ 36 (2d Dist.), quoting *State v. Awan*, 22 Ohio St.3d 120, 122 (1986).

{¶ 27} On the authority of *Brasher*, 2022-Ohio-4703, we disagree with Trent's argument. In *Brasher*, the Supreme Court of Ohio held that under Marsy's Law, "when a victim of a crime seeks enforcement of his or her constitutional rights by submitting a request to the trial court, the victim has standing to file a direct appeal." *Id.* at ¶ 22. More specifically, the court found that when the victims in *Brasher* "requested enforcement of their constitutional rights by submitting their restitution request and the trial court denied that relief, they . . . had clear standing to appeal the restitution portion of Brasher's sentence." *Id.* at ¶ 23.

{¶ 28} In this case, B.M. submitted a Victims' Rights Request Form that requested enforcement of her constitutional right "to reasonable and timely notice of all public proceedings." The trial court denied B.M. that relief when it held a community control review hearing and terminated Trent's community control sanctions without affording B.M. any notice of the proceedings. Accordingly, we find that B.M. was permitted to file the instant appeal based on her request to enforce her constitutional right to notice of all public proceedings and by having that request denied by the trial court.

{¶ 29} Trent's claim that B.M. should have first raised her arguments in the trial court also fails because it is well established that "a trial court lacks authority to reconsider its own valid final judgment in a criminal case." *State v. Harris*, 2023-Ohio-648, ¶ 106 (2d Dist.), citing *State v. Raber*, 2012-Ohio-5636, ¶ 20 and *State ex rel. Dobson v. Handwork*, 2020-Ohio-1069, ¶ 16. "[I]n a criminal context, there is no authority for the filing of a motion for reconsideration of a final judgment, [as] such a motion is generally considered a legal nullity[.]" *Billman v. Smith*, 2020-Ohio-1358, ¶ 1 (4th Dist.). *Accord State v. Carr*, 2019-

Ohio-3802, ¶ 39 (2d Dist.) ("if the decision that is the subject of an appeal was an appealable order, then any subsequent trial court ruling on a motion for reconsideration of that appealable order would be a nullity"). Therefore, had B.M. filed a motion asking the trial court to reconsider its final judgment terminating Trent's community control sanctions based on the violation of her victims' rights, such a motion would have been unfruitful given that the trial court lacked authority to rule on it. Such a motion was also wholly unnecessary given that B.M. had already fully asserted her rights in the trial court by submitting the Victims' Rights Request Form.

{¶ 30} Trent also argues that we cannot assume from a silent record that the trial court ignored the notification requirement in R.C. 2930.161(A)(1). Trent claims that we should instead presume that the trial court determined B.M. did not meet the requirements for notice under R.C. 2930.161(A)(1). This argument is inapposite because even if we were to make the presumption argued by Trent, the fact remains that the record establishes B.M. *did* meet the requirements for notice under R.C. 2930.161(A)(1), and that the trial court's failure to provide such notice violated that statute and B.M.'s constitutional rights under Marsy's Law. We further note that the silent record Trent complains of is, at least in part, due to the trial court's failure to make the notice inquiries required under R.C. 2930.09(A)(2)(a) at the community control review hearing. In addition, the trial court did not record any attempts to notify the victim of the proceeding as required by R.C. 2930.06(G), which supports the conclusion that the trial court did not provide B.M. notice of the community control review hearing.

{¶ 31} Trent suggests the notice inquiries required under R.C. 2930.09(A)(2)(a) did

not apply to his community control review hearing because the hearing was not a "proceeding in which the right of the victim is at issue." R.C. 2930.09(A)(2)(a). We, however, disagree. The review hearing concerned the termination of Trent's community control sanctions—sanctions which required Trent to have no contact with B.M. and to abide by all active protection orders. The termination of those sanctions affected B.M.'s constitutional rights to be treated with respect for her safety, dignity, and privacy, and to reasonable protection from Trent. Accordingly, the review hearing did involve B.M.'s rights.

{¶ 32} Having considered all the aforementioned arguments, we find that the trial court's failure to notify B.M. of Trent's September 3, 2024 community control review hearing violated R.C. 2930.161(A)(1) and B.M.'s constitutional rights set forth in § 10a(A)(1)-(4) of Marsy's Law. The notice failure also violated B.M.'s statutory rights to be present and heard at the review hearing as set forth in R.C. 2930.09. Given these errors, B.M.'s sole assignment of error is sustained.

## Conclusion

{¶ 33} Having sustained B.M.'s sole assignment of error, the judgment of the trial court terminating Trent's community control sanctions is vacated, and the matter is remanded to the trial court for a new community control review hearing that complies with Marsy's Law and Chapter 2930 of the Revised Code.

. . . . . . . . . . . . .

TUCKER, J. and LEWIS, J., concur.