[Cite as *State v. Crable*, 2026-Ohio-1088.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2025 AP 06 0023 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Tuscarawas County Court of Common Pleas, Case No. 2022 CR 06 0217 |
| CHELSI T.N. CRABLE, | Judgment:   Vacated and Remanded |
| Defendant - Appellant | Date of Judgment Entry: March 26, 2026 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; David M. Gormley, Judges

**APPEARANCES:** KRISTINE W. BEARD, for Plaintiff-Appellee; GEORGE URBAN, for Defendant-Appellant.

*Montgomery, J.*

**{¶1}** Defendant/Appellant, Chelsi Crable ("Appellant"), appeals the trial court's decision that modified the terms of her community control sanctions by imposing a jail sentence when she failed to make her restitution payments. For the reasons stated below, we remand the case to the trial court.

**STATEMENT OF THE FACTS AND THE CASE**

**{¶2}** Appellant was convicted on one count of passing bad checks and sentenced to two years of community control supervision in May 2022. One condition of Appellant's community control sanctions was to pay regular restitution payments to the victim until

the amount of $6,893.01 was paid in full. The trial court reserved the right to impose a prison sentence if the conditions of community control were violated. *12/7/22 Judgment Entry.*

**{¶3}** The State filed a motion in March of 2023 to revoke or modify Appellant's community control sanctions. Appellant admitted to violating the terms of her community control sanctions and the trial court modified its terms. *4/17/23 Judgment Entry.*

**{¶4}** The State filed another motion to revoke or modify Appellant's community control sanctions in April of 2024. Appellant stipulated to the probable cause finding and the trial court modified the terms of Appellant's community control sanctions a second time.

**{¶5}** The State filed a third motion to revoke or modify Appellant's community control sanctions on March 11, 2025. The state's motion alleged, "The defendant failed to follow all orders verbal or written given to her by her supervising officer or other authorized representatives of the Court or the Community Corrections Program. More specifically, the defendant was ordered by the Court to pay restitution in the amount of $6,893.01. To date, the defendant has an outstanding balance of $6,823.01 in restitution and has not made a payment since 11/27/2023." *State's 3/18/25 Motion.*

**{¶6}** An oral hearing was held on the State's motion wherein Appellant admitted to the violation. *Transcript*, p. 4.

**{¶7}** Following Appellant's admission, Counsel for Appellant informed the trial court that:

a.      Appellant has no present ability to pay the restitution;

b.      Appellant has 5 children under the age of 12;

c.      Appellant lives in Section Eight Housing;

d.      Appellant is currently unemployed; and

e.      Appellant has no childcare.

*Id.*, p. 5.

**{¶8}** The trial judge then made his ruling stating, "[t]here does come a point in time where the Court just simply has to, I think, say that Community Control Sanctions are not being followed and there is no reason to continue with those Community Control Sanctions." *Id.* The trial judge modified the terms of its previous entry and ordered Appellant to serve 120 days of local incarceration. *Id.*

**{¶9}** A Judgment Entry memorializing the trial court's decision was filed the following day.

**{¶10}** Appellant filed a timely appeal to the trial court's decision and asserts the following assignments of error:

**{¶11}** "I.    THE TRIAL COURT ABUSED ITS DISCRETION WHEN ARBITRARILY ORDERING THE APPELLANT IMPRISONED FOR NO REASON OTHER THAN HER INDIGENCY IN VIOLATION OF HER CONSTITUTIONAL RIGHT TO EQUAL PROTECTION."

**{¶12}** "II.    THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HER COUNSEL ADMITTED TO THE ALLEGED VIOLATION AT THE REVOCATION HEARING, ADVANCING NO ARGUMENT ON THE APPELLANT'S BEHALF."

## STANDARD OF REVIEW

**{¶13}** An Appellate Court reviews a trial court's decision to terminate a defendant's community-control sanctions for an abuse of discretion. *State v. Kusinko*,

2023-Ohio-4545, ¶ 9 (8th Dist.). *See also State v. Smith,* 2024-Ohio-2854, ¶ 15 (12th Dist.) This Court will not reverse a trial court's decision absent a finding that the trial court abused its discretion. The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## ANALYSIS

{¶14} Appellant argues in her first assignment of error that the trial court erred when it modified the terms of her community control sanctions by imposing a jail sentence without making "[a]ny finding with respect to Crable's capability of paying restitution or whether the failure to pay was willful or intentional." *Appellant Brief*, p. 5. We agree.

{¶15} A trial court has discretion to modify a defendant's community control sanctions upon finding that the defendant has violated its terms. "Once a court finds that a defendant violated the terms of probation, the decision whether to revoke probation lies within the court's sound discretion." *State v. Ritenour*, 2006-Ohio-4744, ¶ 37 (5th Dist.).

{¶16} Although it is within the trial court's discretion to revoke or modify its terms of community control sanctions, it is required to inquire into the reasons Appellant failed to make required restitution payments prior to revoking or modifying the terms and imposing a jail sentence.

{¶17} The United States Supreme Court stated, "[i]n revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and

sentence the defendant to imprisonment within the authorized range of its sentencing authority." *Bearden v. Georgia*, 461 U.S. 660, 672, (1983).

{¶18} Ohio appellate courts have interpreted Bearden finding, "A trial court may revoke community control and impose a prison term for an offender's failure to pay, however the court must make an inquiry into 'the reasons for the failure to pay.'" *State v. Jordan*, 2025-Ohio-62, ¶ 21 (12th Dist.). The Third District stated, "absent certain findings by the court, an indigent's community control cannot be revoked merely because they do not have the ability to pay fines, fees, restitution, etc." *State v. Toler*, 2003-Ohio-5129, ¶ 6 (3d Dist.).

{¶19} If a trial court finds that a defendant's failure to pay restitution was willful, intentional or that they failed to make a bona fide effort to pay, it may revoke community control and impose a prison sentence. *Jordan*, at ¶ 21.

{¶20} This Court determined what constituted a willful act in stating, "Defendant's failure to pay costs, fines and restitution because of his indigency alone does not constitute a willful intentional act to justify revocation and hence, imprisonment." *State v. Davis*, 1989 Ohio App. LEXIS 3998 (5th Dist.), citing *Tate v. Short*, 401 U.S. 395 (1971).

{¶21} In the case at hand, Appellant agreed that she failed to make the required restitution payments. Appellant's counsel stated on the record the reasons she was unable to pay. The trial court did not find that Appellant's nonpayment of restitution payments was willful, intentional or that she failed to make a bona fide effort to pay prior to revoking Appellant's community control sanctions and imposing a jail sentence. The trial court's only finding was that Appellant was not following her community control sanctions.

{¶22} This Court finds that the record shows that the trial court abused its discretion when it revoked Appellant's community control sanctions without finding that

Appellant's nonpayment of restitution was willful, intentional or that she failed to make a bona fide effort to pay.

**{¶23}** Appellant's first assignment of error is well taken.

**{¶24}** Appellant argues in her second assignment of error that she was denied her right to effective assistance of counsel. Specifically, Appellant argues that by admitting to the violation of community control sanctions, she was deprived of her right to present a viable defense. *Appellant Brief*, p. 9. We disagree.

**{¶25}** In order for Appellant to prove that she was deprived of effective assistance of counsel, she must show that her counsel's performance was deficient and that the deficient performance prejudiced the outcome. *Strickland v. Washington*, 466 U.S. 668 (1984).

**{¶26}** Appellant argues that her counsel's performance was deficient when he waived the probable cause hearing and admitted that she failed to make restitution payments as previously ordered by the trial court. Appellant argues that admitting to the violation waived her right to present a viable defense. *Appellant Brief*, p. 10. However, the record shows that following Appellant's admission, counsel for Appellant made several statements on Appellant's behalf and explained to the trial court why Appellant was unable to make restitution payments. Appellant fails to show that this performance was deficient.

**{¶27}** Appellant's second assignment of error is overruled.

## CONCLUSION

{¶28} For the reasons stated above, this Court remands this case to the trial court to determine if Appellant's nonpayment of restitution was willful or if she failed to make a bona fide effort to pay.

{¶29} For the reasons stated in our accompanying Opinion, the judgment of the Tuscarawas County Court of Common Pleas is vacated, and the case is remanded for further proceedings consistent with our instructions.

{¶30} Costs to Appellee.

By: Montgomery, J.

Baldwin, P.J. and

Gormley, J. concur.